James MERKEL and Carlton Martin, Plaintiffs-Appellants,

v.

VILLAGE OF GERMANTOWN and Village of Germantown Board of Trustees, Defendants-Respondents.†

Court of Appeals

*No. 97–3347. Submitted on briefs March 16, 1998.—Decided April 8, 1998.*

(Also reported in 581 N.W.2d 552.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Roger C. Pyzyk* of West Allis.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Daniel L. Sargeant* of *Schloemer, Alderson, Spella & Muehlbauer, S.C.* of West Bend.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J.    James Merkel and Carlton Martin appeal from an order dismissing their petition for a writ of certiorari and reversing and remanding the matter back to the Village of Germantown Zoning Board (hereinafter Board). The trial court did not con-

sider the issue raised in the certiorari petition—whether the land area calculations as represented by the seven protest petitions complied with the 20% requirement of § 62.23(7)(d)2m, STATS. Instead, the court rescinded the vote on rezoning and ordered the Board to validate five additional petitions, which by advice of counsel were held invalid by the Board; to recalculate the area represented by all twelve petitions protesting Merkel's requested rezoning; and to conduct further proceedings following the recalculation. Because certiorari exists for a limited purpose—to test the validity of judicial or quasi-judicial determinations—and because the certiorari court committed error by considering the Board's answer and not limiting review to the issue presented in the certiorari petition, we reverse the trial court's order.

Martin is the owner and Merkel is the developer of a parcel of land in the Village of Germantown which is zoned A–2 Agricultural. In March 1996, Martin and Merkel (hereinafter Merkel) applied to the Village to rezone the parcel from A–2 Agricultural to EH Elderly Housing District, with the intent of developing an elderly housing complex.[1] The application went before the Village Plan Commission in March and the Commission rejected the requested zoning by a vote of six to one. Merkel sought reconsideration by the Commission, but it declined to change its earlier decision.

Merkel then requested a public hearing before the Board which was scheduled for November 1996. Prior to the hearing, property owners adjacent to the parcel filed twelve protest petitions pursuant to § 62.23(7)(d)2m, STATS.[2] The petitions were submitted

[1] In October 1995, the Board created a new zoning district entitled "17.245 EH Elderly Housing District."

[2] Section 62.23(7)(d)2m, STATS., provides:

to the Village attorney for review. The attorney determined that five petitions, which were signed by only one owner, were not valid and that the remaining seven petitions, signed by two owners, were valid and that they constituted 21.96% of the total area requiring a three-fourths vote of the Board.

At the hearing, Merkel questioned the validity of the Board's percentage calculations for the protest petitions and disputed whether the valid petitions met the statutory 20% minimum requiring a three-fourths vote as opposed to a simple majority vote. The Board postponed action until January 20, 1997. At the January hearing, after taking comments from Merkel and from others, the Board voted five to four in favor of granting the rezoning request, but it was ruled to have failed because valid protest petitions by neighboring property owners had been presented, thus requiring a three-fourths vote, not a simple majority vote, to pass the rezoning request.

Consequently, Merkel commenced this action by writ of certiorari. The Board filed an answer denying the essential allegations in the complaint and it affirmatively alleged that all of the protest petitions constituted a valid protest requiring a three-fourths vote by the Board, or in the alternative, if a valid protest petition was not filed, the Board proceeded under a

a.   In case of a protest against an amendment proposed under subd. 2., duly signed and acknowledged by the owners of 20% or more either of the areas of the land included in such proposed amendment, or by the owners of 20% or more of the area of the land immediately adjacent extending 100 feet therefrom, or by the owners of 20% or more of the land directly opposite thereto extending 100 feet from the street frontage of such opposite land, such amendment shall not become effective except by the favorable vote of three-fourths of the members of the council voting on the proposed change.

mistake of material fact such that its vote should be vacated and the matter returned to the Board for further proceedings. The trial court concluded that the Board's decision was erroneous because it failed to include the five protest petitions which the court held to be valid. Accordingly, the court rescinded the Board's vote, and remanded the matter back to the Board to recalculate the area represented by the protest petitions and for further proceedings following such recalculation. Merkel appeals.

On appeal, Merkel argues that the trial court was without authority to review the validity of the five protest petitions because no appeal was ever taken from the determination that those five petitions were invalid and because Merkel did not raise that as an issue in the certiorari petition. Rather, Merkel insists that the only issue on certiorari is whether the calculations made by the Village attorney of the land area involving the seven petitions actually met the statutory requirement of § 62.23(7)(d)2m, STATS., thus requiring a three-fourths vote of the Board to pass the rezoning request.

We agree. A writ of certiorari exists for a limited purpose—to test the validity of a judicial or quasi-judicial determination. *See State ex rel. Gaster v. Whitcher*, 117 Wis. 668, 671–72, 94 N.W. 787, 788 (1903). The writ " 'bear[s] no resemblance to the usual processes of courts, by which controversies between parties are settled by judicial tribunals . . . .' " *Coleman v. Percy*, 86 Wis. 2d 336, 341, 272 N.W.2d 118, 121 (Ct. App. 1978) (quoted source omitted), *aff'd*, 96 Wis. 2d 578, 292 N.W.2d 615 (1980). There is no "answer" or other opposing pleading in certiorari proceedings: "[T]he return to the writ is merely a certification of the record of the proceedings sought to be reviewed by the petition

[and] [u]nlike an answer to a complaint it does not consist of denials and affirmative defenses." *Consolidated Apparel Co. v. Common Council*, 14 Wis. 2d 31, 36–37, 109 N.W.2d 486, 489 (1961) (citation omitted). " 'The petition or affidavit upon which the writ issues serves the purpose of an assignment of errors, and no irregularities will be considered except such as are pointed out therein, although they are apparent of record.' " *Tourville v. S.D. Seavey Co.*, 124 Wis. 56, 58, 102 N.W. 352, 353 (1905) (quoted source omitted).

The question for the certiorari court is "whether the facts set forth in the return, excluding therefrom all matters introduced into it not properly matters of record, justified the decision of the board which was complained of." *State ex rel. Heller v. Lawler*, 103 Wis. 460, 464, 79 N.W. 777, 778 (1899). Where there is conflicting evidence and where the board's decision is contrary to credible evidence which indisputably establishes a fact, the board's decision constitutes an excess of jurisdiction—a violation of law that may be reached by certiorari. *See id.* at 465, 79 N.W. at 779. Certiorari review is limited to whether: (a) the agency kept within its jurisdiction; (b) the agency acted according to law; (c) the action was arbitrary, oppressive or unreasonable; and (d) the evidence presented was such that the agency might reasonably make the decision it did. *See State ex rel. Jones v. Franklin*, 151 Wis. 2d 419, 425, 444 N.W.2d 738, 741 (Ct. App. 1989). And as a general rule, a certiorari court may affirm or reverse the action of the Board, but it "cannot order the [Board] to perform a certain act." *See State ex rel. Richards v. Leik*, 175 Wis. 2d 446, 455, 499 N.W.2d 276, 280 (Ct. App. 1993).

Merkel alleges that the Board proceeded on an incorrect theory of law. In theory, we agree. The Board's affirmative defense was an attempt to apply a theory of law different from that represented at the hearing—all twelve petitions are valid, not just the seven considered. The Board is attempting to change directions midstream; however, it traveled too far down its chosen path. Certiorari review is limited to the action that was actually taken at the hearing, not to what might have happened or perhaps what could have or should have happened.

We conclude that the Board cannot challenge before the certiorari court under a new theory of law different from that taken at the zoning hearing. Although those neighbors whose five petitions were held invalid could have sought review of that decision under § 62.23(7)(e)10, STATS., there is nothing in the record questioning the Village attorney's determination and the time for appeal has passed.[3] See § 62.23(7)(e)10. Yet, the trial court considered the matter. However, a certiorari court is to examine the

[3] Contained in the record is a letter from the Village attorney concluding that five of the twelve protest petitions were invalid and that the remaining seven petitions constituted more than 20% of the property immediately adjacent to the project. Based on this determination, the clerk notified the Board at the November hearing that a protest petition was received from residents that make up 20% of the area surrounding the property and, therefore, the petition for rezoning would require a three-fourths majority vote to pass. Merkel questioned whether the seven petitions met the statutory minimum requirement, thereby requiring a three-fourths vote of the Board. The Board adopted, without discussion, the position of the Village attorney.

return only as it responds to the points of challenge. *See State ex rel. Grant Sch. Dist. No. 4 v. School Bd.*, 4 Wis. 2d 499, 505, 91 N.W.2d 219, 222–23 (1958). Here, there was no challenge to the Village attorney's conclusion that the five protest petitions were invalid. Our supreme court has stated that only those irregularities pointed out in the certiorari petition will be considered even if "they are apparent of record." *Tourville*, 124 Wis. at 58, 102 N.W. at 353.

A certiorari proceeding bears no resemblance to a civil action brought to resolve a dispute between the parties; it exists only to test the validity of judicial or quasi-judicial determinations, and it neither contemplates nor authorizes the respondent to interpose any answers, denials or defenses. We conclude that the trial court improperly treated Merkel's petition more like a civil appeal and committed error by considering the Board's answer and not limiting review to the issue presented in the certiorari petition. Accordingly, we reverse the trial court's order and we remand the matter to the trial court with directions to strike the Board's answer to the certiorari petition and to decide the matter on the record before it. The only issue in this certiorari proceeding for the court to address is whether the seven validated petitions equal or exceed the 20% requirement of § 62.23(7)(d)2m, STATS.

*By the Court.*—Order reversed and cause remanded with directions.