Eric WINKELMAN and Christine Winkelman, Plaintiffs-Appellants,

v.

TOWN OF DELAFIELD and Town of Delafield Zoning Board of Appeals, Defendants-Respondents.

Court of Appeals

*No. 99–3158. Submitted on briefs August 23, 2000.—Decided October 25, 2000.*

## 2000 WI App 254

(Also reported in 620 N.W.2d 438.)

543

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP* of Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *H. Stanley Riffle* of *Arenz, Molter, Macy & Riffloe, S.C.* of Waukesha.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. BROWN, P.J. This is a personal jurisdiction problem. The issue is whether a statutory certiorari court, having three years ago denied the landowners a writ claiming conditions attached to a variance were invalid, has continuing jurisdiction over the landowners to order specific performance of those conditions. We note that when a statutory writ is sought by the landowners, the certiorari court's remedy is limited to determining whether a variance is valid. Therefore, the landowners submit themselves to the jurisdiction of the court for that limited purpose. The final decree does not contemplate the performance of a series of acts. In an enforcement action, it is not the landowners, but the government, which seeks to enforce the variance. The validity of the underlying variance is not at issue; the only issue is whether the landowners have violated the variance. Thus, the court's review powers are different. We hold that the Town of Delafield Zoning Board of Appeals (the Board) needs to obtain jurisdiction over the landowners for this different kind of legal action by serving a summons and complaint or by serving an appropriate original

writ. Because this did not occur in the case before us, personal jurisdiction was not obtained and we reverse.

¶ 2.   Eric and Christine Winkelman own a lot containing two houses in the Town of Delafield, both of which are considered nonconforming structures under the Town's zoning code. The code states that repairs to nonconforming structures may not exceed fifty percent of the fair market value of the structures. The Winkelmans made repairs to the houses in excess of this amount. They asked the Board to grant them a variance—which the Board did—on the condition that one of the houses be razed within three years. The Winkelmans appealed this order to the circuit court by certiorari pursuant to Wis. Stat. § 62.23(7)(e)10 (1997–98)[1] , claiming that the Board lacked the authority to impose this condition. The circuit court affirmed the order of the Board. Three years passed and the Winkelmans failed to raze the house. To enforce the condition of the variance, the Board brought a motion entitled "Motion for Further Relief" requesting that the certiorari court order that the Winkelmans raze the house or that the Town be allowed to do so. The certiorari court granted the Board's motion.[2]

¶ 3.   The Winkelmans argue that the certiorari court did not have personal jurisdiction to enforce the conditional variance because no summons and complaint were served upon them. To resolve their

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

[2] The motion challenging the circuit court's jurisdiction was heard and decided by Judge Neal Nettesheim, sitting in the circuit court by reason of the supreme court's pilot judicial exchange program. After the motion was denied, the enforcement action was heard by Judge Patrick L. Snyder.

contention, we first look to the basic law concerning statutory certiorari review. Statutory certiorari review is not for resolving disputes; rather, it exists only to test the validity of agency decisions. *See Merkel v. Village of Germantown*, 218 Wis. 2d 572, 580, 581 N.W.2d 552 (Ct. App. 1998), *review denied*, 220 Wis. 2d 367, 585 N.W.2d 159 (Wis. Aug. 21, 1998) (No. 97–3347). The scope of certiorari review is limited to whether the agency: (1) kept within its jurisdiction, (2) acted according to law, (3) did not act arbitrarily or unreasonably or according to its will and not its judgement, and (4) made a decision based on evidence one might reasonably use to make the determination in question. *See id.* at 578. Statutory certiorari review can only be brought by a party affected by an agency decision for the purpose of testing the validity of that decision. *See id.* at 580. Therefore, when the Winkelmans brought a certiorari action to test the validity of the condition the Board placed on the variance, the Board did not and could not have counter-petitioned the court to enforce the condition of the variance.

¶ 4.  When the Board brought its motion to enforce the condition of the variance, it did so believing that the certiorari court had continuing jurisdiction to enforce the variance. The Board was of the opinion then, and is of the opinion now, that once the Winkelmans submitted themselves to the circuit court's jurisdiction in order to determine whether the variance was valid, and once the circuit court determined the variance to be valid, that determination was also an order by the court that the Winkelmans had to comply with the conditions of the variance. In other words, by failing to abide by the order, the Winkelmans were flouting not only the variance, but the order of the court and were therefore in contempt. Therefore, the

certiorari court had inherent authority to hear whether the Winkelmans were in contempt of the court's order.

¶ 5.   We do not agree. By reviewing the purposes of certiorari, we see how limited the certiorari court's remedy is. The scope of certiorari extends to all questions of jurisdiction, power and authority of the inferior tribunal to do the action complained of and all questions relating to the irregularity of the proceedings. *See State ex rel. Wood County v. Dodge County*, 56 Wis. 79, 84–85, 13 N.W. 680 (1882). In short, the issue is limited to whether the tribunal has kept within the boundaries prescribed by the express terms of the ordinance, statute or law of this state. *See State ex rel. Wasilewski v. Board of Sch. Dirs. of City of Milwaukee*, 14 Wis. 2d 243, 263, 111 N.W.2d 198 (1961). In its essence, circuit court review is supervisory in nature. *See State ex rel. Milwaukee Med. College v. Chittenden*, 127 Wis. 468, 510–12, 107 N.W. 500 (1906). The issue is the regularity of the inferior tribunal's proceeding. The court in such an instance is not being asked to compel the doing of any act. Its order, either granting or denying the writ, is not coercive in any way. When the court obtains personal jurisdiction over the landowner in a certiorari action brought by the landowner, that jurisdiction contemplates no further proceedings after a determination about regularity. Rather, the court is being asked to "review" the record. Once the review is completed, the review is over; it is done.

¶ 6.   On the other hand, an action to enforce a variance, such as a mandamus action, is a coercive remedy. The purpose there is to force the removal of an unlawful construction. The government's purpose is to compel action on the part of a landowner. Thus, the purpose is entirely different from the purpose of a

review for regularity. We hold that personal jurisdiction in such a civil action must be established by serving a summons and complaint or an original writ. *See* WIS. STAT. §§ 801.02, 801.04(2). The reason is that this is an action in which the government, not the landowner, is seeking a remedy. An action seeking a remedy available by mandamus or prohibition may be commenced by the service of a summons and complaint or by service of an appropriate original writ. *See* § 801.02(5).

¶ 7.    Standing alone, motion papers cannot confer personal jurisdiction. *See Town of Fitchburg v. City of Madison*, 98 Wis. 2d 635, 653, 299 N.W.2d 199 (1980). Because the Board, in this case, attempted to bring an action to enforce the conditions of a variance by a motion, it did not obtain personal jurisdiction over the Winkelmans.

¶ 8.    We recognize that the certiorari action involved the same parties, concerning the same variance. It might be argued that forcing the service of a summons and complaint or service of a writ is placing form over substance and wastes time. That argument would be meritless. First, it takes no more appreciable time to serve a summons and complaint or a writ than it does to serve a motion. Second, and more important, our holding equates substance with form because it recognizes that a review for regularity and an enforcement action are two entirely different matters, even if the parties are the same and the variance in question is the same. The form over substance argument simply does not wash.

¶ 9.    Ordinarily, our holding would end the matter and we would not entertain any issue regarding the

merits of the enforcement action. However, in rare instances, this court has exercised its discretion to reach the issue anyway to save scarce judicial resources. *See Nischke v. Farmers & Merchants Bank & Trust*, 187 Wis. 2d 96, 102, 522 N.W. 2d 542 (Ct. App. 1994). This occurs when we are sure that the issue will come before the circuit court at a later time and we have the means with which to answer the question so as to avoid future litigation on the topic. We choose to address an issue raised by the Winkelmans as follows.

¶ 10. The Winkelmans claim that language contained in the variance itself provides only one remedy for noncompliance: revocation of the variance. Therefore, the Winkelmans argue that the Board may not seek an order requesting specific performance of the raze condition or fines for refusing to raze the house. The Winkelmans rely on Section 5 of the "General Conditions" of the variance which states: "This order may be revoked after notice and opportunity to be heard for violation of any of the conditions or limitations imposed upon the granting of this privilege including any conditions precedent to its exercise." The Winkelmans contend that since the only remedy named is revocation, the language by its own terms limits the remedy available to the Board.

¶ 11. We disagree that Section 5 limits the Board's remedy to revocation. Section 5 alerts the Winkelmans that one of the Board's options is revocation of the variance if the Winkelmans fail to comply with its conditions. Section 5 in no way limits other remedies available to the Board or precludes enforcement of the conditional variance. Moreover, the wording of Section 5 says only that the Board "may revoke." We agree with the Board that the remedy of revocation is strictly optional. Consequently, if the

Board obtains personal jurisdiction over the Winkelmans, it may seek to enforce the conditions of the variance.

*By the Court.*—Order reversed.