Jay M. H., M.D.,
Plaintiff-Appellant,

v.

Winnebago County Department
of Health and Human Services,
Defendant-Respondent.

Court of Appeals

*No. 2005AP871. Submitted on briefs February 22, 2006.
—Decided March 29, 2006.*

2006 WI App 66

(Also reported in 714 N.W.2d 241.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John D. Hyland* of *Hurley, Burish & Milliken, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Donald W. Becker* of *Becker Law Office, S.C.*, Madison.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

¶ 1. SNYDER, P.J. Jay M.H., M.D., appeals from an order denying his reconsideration motion to remand a Winnebago County Department of Health and Social Services (DHSS) decision to DHSS based upon newly discovered recantation evidence. Jay M.H. contends that the circuit court erred in holding that it had no authority to order a remand. We are satisfied that the circuit court had authority to address the reconsideration motion and to remand the matter to the agency for further consideration of recantation evidence. We reverse the order and remand to the circuit court for further consideration.

¶ 2. Jay M.H. seeks relief from a DHSS determination that a WIS. STAT. § 48.981 (2003–04)[1] allegation of child abuse had been substantiated. Jay M.H.'s reliance on WIS. STAT. ch. 68 for relief from the agency determination as an aggrieved individual is not challenged. *See League of Women Voters of Appleton, Inc. v. Outagamie County*, 113 Wis. 2d 313, 318 & n.2, 334 N.W.2d 887 (1983). Chapter 68 provides the procedure by which Jay M.H. may challenge the agency determination. WISCON-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise stated.

SIN STAT. § 68.001 sets forth the legislative purpose of the chapter:

> **Legislative purpose.** The purpose of this chapter is to afford a constitutionally sufficient, fair and orderly administrative procedure and review in connection with determinations by municipal authorities which involve constitutionally protected rights of specific persons which are entitled to due process protection under the 14th amendment to the U.S. constitution.

¶ 3. Jay M.H. filed a WIS. STAT. § 68.08 request for a review of the DHSS child abuse substantiation determination, and he was afforded an evidentiary hearing before an administrative law judge (ALJ).[2] The ALJ affirmed the DHSS substantiation of abuse determination and issued a WIS. STAT. § 68.12(1) final determination. Jay M.H. then exercised his right, under WIS. STAT. § 68.13, to judicial review of the ALJ final determination. Section 68.13(1) provides that:

> Any party to a proceeding resulting in a final determination may seek judicial review thereof by certiorari within 30 days of receipt of the final determation. The court may affirm or reverse the final determination, *or remand to the decision maker for further proceedings consistent with the court's decision.* (Emphasis added.)

¶ 4. On September 14, 2004, the circuit court affirmed the ALJ's final determination. On December 13, 2004, Jay M.H. filed a WIS. STAT. § 806.07(1)(b), (g) and (h) motion for reconsideration of the circuit court's

---

[2] WISCONSIN STAT. ch. 68 covers municipal administrative procedure. By definition, a county agency's determination is governed by ch. 68. WIS. STAT. § 68.04 ("municipality" includes a county); WIS. STAT. § 68.05 ("municipal authority" includes municipal agencies making determinations or conducting reviews under ch. 68).

order affirming the ALJ final determination. In his motion, Jay M.H. relied upon newly discovered evidence that the underlying accusations of child abuse contained in the substantiation determination had been explicitly recanted by the complainant. On February 18, 2005, the circuit court denied Jay M.H.'s motion for reconsideration for reasons stated on the record at the January 14, 2005 reconsideration motion hearing.

¶ 5. The circuit court denied Jay M.H.'s reconsideration motion at the January 14, 2005 hearing stating that it lacked authority to order a remand and that if any recourse existed back to the ALJ, it was not by ordering a remand to the ALJ or by reconsidering its prior decision. In addition, the circuit court addressed the recantation as newly discovered evidence, stating that:

> Again, just because there is a recantation, that does not in and of itself become the ultimate determiner of what occurred here and would not necessarily change the fact finder's results anyway so the motion for reconsideration is denied.

¶ 6. Whether the circuit court has the authority to remand the Wis. Stat. § 68.12 final determination for further proceedings before the ALJ is a question of statutory interpretation. Our scope of appellate review is the same as the circuit court's where the circuit court does not take additional evidence. *Cf. Lakeshore Dev. Corp. v. Plan Comm'n*, 12 Wis. 2d 560, 565, 107 N.W.2d 590 (1961) (certiorari review is not confined to review of the agency proceeding when the trial court hears additional evidence). *See also State ex rel. Hemker v. Huggett*, 114 Wis. 2d 320, 323, 338 N.W.2d 335 (Ct. App. 1983) (the circuit court may not conduct a factual inquiry on statutory certiorari unless the statute authorizes the court to take evidence). The traditional standards of

certiorari apply to an agency review unless the scope of review is enlarged by statute.[3] *Hanlon v. Town of Milton*, 2000 WI 61, ¶ 23, 235 Wis. 2d 597, 612 N.W.2d 44. WISCONSIN STAT. § 68.13 allows for remand by the circuit court to the agency for further proceedings but does not permit fact finding by the court.

¶ 7. We are satisfied that WIS. STAT. § 68.13 unambiguously provides authority for the remand of the agency final order for further proceedings necessary to insure the legislative purpose set forth in WIS. STAT. § 68.001. Accordingly, we next address whether the circuit court had authority to remand the WIS. STAT. § 68.12 final determination to the ALJ based upon a reconsideration motion that presents newly discovered recantation evidence.

¶ 8. Reconsiderations of decisions in judicial review proceedings are favored in Wisconsin. In *Metropolitan Greyhound Management Corp. v. Wisconsin Racing Board*, 157 Wis. 2d 678, 698–99, 460 N.W.2d 802 (Ct. App. 1990), we applied the following reasoning in recognizing the value of reconsiderations:

> Motions for reconsideration pending appeal serve an important function. First, a trial court's reconsideration may obviate the necessity for an appeal. If so, the parties are not only spared unnecessary expense,

---

[3] Those standards are:

(1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and, (4) whether the evidence was such that it might reasonably make the order or determination in question.

*Hanlon v. Town of Milton*, 2000 WI 61, ¶ 23, 235 Wis. 2d 597, 612 N.W.2d 44 (citation omitted).

but the interests of judicial economy are served as well. Second, even if an appeal is not avoided, a motion for reconsideration that challenges the trial court's decision can hone its analysis, and thus assist appellate review. *There is nothing in the law or in logic that persuades us of an intent to exclude judicial review of administrative agency determinations from these benefits.* (Emphasis added.)

■

¶ 9. Reconsideration of a WIS. STAT. § 68.12 ALJ final decision is consistent with the legislative purpose of the chapter to ensure fair proceedings for aggrieved individuals in connection with agency determinations. Here, the motion for reconsideration was not contested as untimely, was not objected to by DHSS, and was based upon newly discovered recantation evidence. The above *Metropolitan Greyhound Management Corp.* reasoning is applicable, and we are satisfied that the circuit court had the authority to address the reconsideration motion as a part of the WIS. STAT. § 68.13 judicial review. We now turn to newly discovered recantation evidence as the basis for potential relief from a WIS. STAT. ch. 68 final determination.

¶ 10. Judicial relief based upon recantation evidence is primarily a function of the criminal law. However, the use of recantation evidence has been addressed in the civil law context of an individual being determined sexually violent under WIS. STAT. ch. 980.[4] In *State v. Sorenson*, 2002 WI 78, ¶ 9, 254 Wis. 2d 54, 646 N.W.2d 354, the circuit court precluded Sorenson from putting

---

[4] WISCONSIN STAT. ch. 980 creates a civil commitment procedure primarily intended to provide treatment and protect the public, is not criminal in nature, and is not intended to punish the offender. *State v. Carpenter*, 197 Wis. 2d 252, 541 N.W.2d 105 (1995).

in the victim's recantation evidence regarding the underlying sexual assault conviction at his ch. 980 trial on the grounds of issue preclusion. Our supreme court remanded the matter to the circuit court with directions that the court address the recantation evidence under the test set forth in *State v. McCallum*, 208 Wis. 2d 463, 561 N.W.2d 707 (1997). *Sorenson*, 254 Wis. 2d 54, ¶ 26.

¶ 11. We acknowledge that *McCallum* is a criminal case and that *Sorenson* has its genesis in a criminal matter as well. Nonetheless, our supreme court recognized that the fundamental fairness analysis was equally important in a WIS. STAT. ch. 980 proceeding, where the underlying statutory scheme demonstrates the intent to afford constitutional protections. *Sorenson*, 254 Wis. 2d 54, ¶¶ 17–20. Likewise, fundamental fairness is a cornerstone of the analysis here. WISCONSIN STAT. § 68.001 states that the "purpose of this chapter is to afford a constitutionally sufficient, fair and orderly administrative procedure and review in connection with determinations by municipal authorities which involve constitutionally protected rights of specific persons which are entitled to due process protection under the 14th amendment to the U.S. constitution." Thus, *Sorenson* is relevant to our analysis under WIS. STAT. ch 68.

¶ 12. The *Sorenson* court determined that if the recantation evidence satisfies the test in *McCallum*, excluding the evidence from the WIS. STAT. ch. 980 procedure would be fundamentally unfair to Sorenson. *Sorenson*, 254 Wis. 2d 54, ¶ 25. In *McCallum*, while the inherent unreliability of recantation evidence was recognized, it was also recognized that such evidence was potentially sufficient for relief if the following criteria were shown by clear and convincing evidence: (1) the evidence was discovered after the conviction, (2) the defendant was not negligent in seeking evidence, (3) the

424

evidence is material to an issue in the case, (4) the evidence is not merely cumulative, and (5) the recantation evidence is corroborated by other newly discovered evidence. *McCallum*, 208 Wis. 2d at 473–74, 476.

¶ 13. Here, we are satisfied that the circuit court should have applied the *McCallum* criteria to determine if the recantation evidence should be considered by the agency. We conclude that a remand to the circuit court is required for the court to conduct a hearing to determine if the recantation evidence meets the *McCallum* test. If so, the exclusion of that evidence from the Wis. Stat. § 68.12 proceeding, especially considering the expressed legislative purpose of Wis. Stat. ch. 68, would be fundamentally unfair to Jay M.H. A full determination of the effect of the recantation issue on the underlying agency determination has never been rendered, and fundamental fairness would dictate that Jay M.H. be provided an opportunity to present this evidence as meeting the criteria for consideration in the § 68.12 final determination proceeding.

¶ 14. In sum, we reverse the order denying Jay M.H.'s motion for reconsideration of the Wis. Stat. § 68.13 judicial determination and remand to the circuit court to address the test for newly discovered recantation evidence set forth in *McCallum*. If the *McCallum* criteria are established clearly and convincingly, the matter should be returned to the agency for consideration of the recantation evidence as a part of the Wis. Stat. § 68.12 final decision.

*By the Court.*—Order reversed and cause remanded with directions.