Norma GUERRERO, Plaintiff-Appellant,†

v.

CITY OF KENOSHA HOUSING AUTHORITY and City
of Kenosha Housing Authority Board of
Commissioners, Defendants-Respondents.

Court of Appeals

*No. 2010AP2305. Oral argument July 13, 2011.*
*—Decided September 21, 2011.*

2011 WI App 138

(Also reported in 805 N.W.2d 127.)

† Petition for Review denied 1-24-12.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Leon W. Todd* and *Gai A. Lorenzen* of *Legal Action of Wisconsin, Inc.*, Racine and

*Jeffery R. Myer* of *Legal Action of Wisconsin, Inc.*, Milwaukee. There was oral argument by *Jeffery R. Myer*.

On behalf of the defendants-respondents, the cause was submitted on the brief of and oral argument of *William K. Richardson*, assistant city attorney, Kenosha.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J. On certiorari review, the circuit court reversed the order of the City of Kenosha Housing Authority Board of Commissioners (the Board) that terminated Norma Guerrero's public housing assistance and remanded the matter to the City of Kenosha Housing Authority (the KHA) for further proceedings, including a determination of Guerrero's rights and/or remedies. Guerrero challenges the circuit court's order. She contends that the circuit court erred in failing to grant equitable relief in the form of (1) immediate reinstatement of her public housing rental subsidy and (2) the restoration of her past rental subsidies. Because we conclude that Guerrero's requests for relief are not within the purview of certiorari review under WIS. STAT. ch. 68 (2009–10),[1] we affirm the circuit court's order.

## BACKGROUND

¶ 2. Guerrero was a participant in the Section 8 rent assistance program administered by the KHA.[2]

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] Section 8 is a low income housing/rental assistance program under the United States Housing Act of 1937, as

The KHA began termination proceedings against Guerrero on December 1, 2006, and a hearing was held by the Board on April 30, 2007. The Board upheld her termination, and sent her a letter dated May 9, 2007, stating that her assistance would be terminated effective June 30, 2007.

¶ 3. Guerrero appealed the Board's decision to the circuit court under WIS. STAT. § 68.13, which allows for a judicial appeal of administrative proceedings. The circuit court upheld the Board's decision and remanded the case to the Board with the directive that the examiner set forth in writing the reasons for the decision denying benefits and the evidence relied upon in making that decision.

¶ 4. Guerrero appealed the circuit court's decision and, in an unpublished opinion, we held that the termination notice was insufficient under the due process standards described in *Driver v. Housing Authority*, 2006 WI App 42, 289 Wis. 2d 727, 713 N.W.2d 670, because it failed to provide any information regarding the time period of Guerrero's alleged violation and what evidence the KHA had to support its assertions. *Guerrero v. Kenosha Hous. Auth.* (*Guerrero I*), No. 2008AP1548, unpublished slip op. ¶¶ 3–4 (WI App Aug. 27, 2009). This court reversed the circuit court's decision and remanded with directions to grant appropriate relief consistent with the decision. *Id.*, ¶ 6.

---

amended, at 42 U.S.C. § 1437f. The Section 8 program falls under the U.S. Department of Housing and Urban Development and is administered by state or local governmental entities called public housing agencies, like the KHA. *See* 24 C.F.R. pt. 982 (Section 8 Tenant Based Assistance: Housing Choice Voucher Program); § 982.1(a)(1) (West 2011).

¶ 5. On remand, the circuit court reversed the Board's decision terminating Guerrero's benefits and remanded the matter to the KHA "for further proceedings that are consistent with this remand and the decision of the Court of Appeals in relation to any future hearing that may be scheduled to terminate plaintiff's eligibility for Section 8 benefits." The circuit court also ordered the Board to "determine what remedies and/or rights, if any, are to be afforded to Norma Guerrero based on such wrongful termination of her Section 8 assistance." Guerrero now appeals the circuit court order remanding the matter to the KHA.

## DISCUSSION

¶ 6. Guerrero seeks reinstatement into the Section 8 housing program and restoration of her past rental subsidies. Guerrero contends that a court on certiorari review has authority to provide her with equitable relief under the provisions of WIS. STAT. ch. 68, as this is the only viable avenue to return her to her pre-termination status. We conclude that a court on certiorari review does not have the authority to order the relief requested.

¶ 7. Guerrero's request turns on the scope of certiorari review under WIS. STAT. ch. 68, as governed by its provisions and interpreted by case law. Thus, we review the circuit court's decision de novo. *See Jay M.H. v. Winnebago Cnty. DHHS*, 2006 WI App 66, ¶ 6, 292 Wis. 2d 417, 714 N.W.2d 241 (the scope of a certiorari court's authority under ch. 68 is a question of statutory interpretation).

¶ 8. WISCONSIN STAT. ch. 68 governs municipal administrative procedures. WISCONSIN STAT. § 68.001 provides: "The purpose of this chapter is to afford a

constitutionally sufficient, fair and orderly administrative procedure and review in connection with determinations by municipal authorities which involve constitutionally protected rights of specific persons which are entitled to due process protection under the 14th amendment to the U.S. Constitution." As part of that procedure, WIS. STAT. § 68.13 provides for the judicial review of administrative decisions. It provides: "Any party to a proceeding resulting in a final determination may seek review thereof by certiorari within 30 days of receipt of the final determination. The court may affirm or reverse the final determination, or remand to the decision maker for further proceedings consistent with the court's decision." Sec. 68.13(1).

■■

¶ 9. A WIS. STAT. § 68.13 certiorari review "is limited to whether: (a) the agency kept within its jurisdiction; (b) the agency acted according to law; (c) the action was arbitrary, oppressive or unreasonable; and (d) the evidence presented was such that the agency might reasonably make the decision it did." *Merkel v. Village of Germantown*, 218 Wis. 2d 572, 578, 581 N.W.2d 552 (Ct. App. 1998). We held in our earlier unpublished decision that the agency did not act according to the law because it failed to afford Guerrero due process. *Guerrero I*, unpublished slip op. ¶¶ 3–6. Upon reaching that conclusion, a certiorari court can reverse the agency's decision and remand it to the agency to hold a new hearing. *Merkel*, 218 Wis. 2d at 578–80; § 68.13(1). However, a certiorari court cannot order the board to perform a certain act. *Merkel*, 218 Wis. 2d at 578 (citing *State ex rel. Richards v. Leik*, 175 Wis. 2d 446, 455, 499 N.W.2d 276 (Ct. App. 1993) (concluding that a certiorari court would be unable to order an inmate moved to a medium security prison)).

Thus, a court on certiorari review is without statutory authority to provide the equitable relief Guerrero requests.[3] Guerrero has not identified, and our research has not uncovered, any case law holding otherwise.

¶ 10. Moreover, Guerrero's claim for "restoration" of the rental subsidy is a claim for damages. Damages are unavailable in Wis. Stat. § 68.13 proceedings. *Thorp v. Town of Lebanon*, 2000 WI 60, ¶ 43, 235 Wis. 2d 610, 612 N.W.2d 59 (monetary damages are not available to a plaintiff seeking relief under § 68.13); *Hanlon v. Town of Milton*, 2000 WI 61, ¶ 18, 235 Wis. 2d 597, 612 N.W.2d 44.

¶ 11. Guerrero argues that equitable relief is required in order to fulfill the stated purpose of Wis. Stat. § 68.001 to provide a constitutionally sufficient and fair procedure and review of agency decisions. However, the supreme court has ruled that the certiorari process provided under Wis. Stat. ch. 68 is a constitutionally adequate postdeprivation remedy. *See Collins v. City of Kenosha Hous. Auth.*, 2010 WI App 110, ¶ 28, 328 Wis. 2d 798, 789 N.W.2d 342 (citing *Thorp*, 235 Wis. 2d

---

[3] Guerrero contends that this court's remand in *Guerrero I* "with directions for the circuit court to grant appropriate relief consistent with our conclusion" empowers the circuit court to order equitable relief. *See Guerrero v. Kenosha Hous. Auth.* (*Guerrero I*), No. 2008AP1548, unpublished slip op. ¶ 6 (WI App Aug. 27, 2009). However, the circuit court, in turn, remanded to the KHA for further proceedings consistent with the remand and the decision of the court of appeals. This language mirrors the statutory language of Wis. Stat. § 68.13(1) and is consistent with its mandate that the "decision maker" conduct further proceedings consistent with the circuit court's decision.

610, ¶¶ 54–56, 58).[4] Guerrero nevertheless contends that § 68.001 is meaningless if it does not provide for the reinstatement of her Section 8 benefits and the restoration of unpaid benefits. Again, Guerrero fails to reconcile her reading of § 68.001 with case law clearly defining the authority of a court on certiorari review. Certiorari exists to test the validity of decisions by administrative or quasi-judicial bodies. The scope of certiorari extends to questions of jurisdiction, power and authority of the inferior tribunal to do the action complained of, as well as questions relating to the irregularity of the proceedings. *Winkelman v. Town of Delafield*, 2000 WI App 254, ¶ 5, 239 Wis. 2d 542, 620 N.W.2d 438. Guerrero's procedural due process challenge raises the issue of whether the KHA violated constitutional guarantees of due process. The circuit court's role is supervisory—here—providing a review of the KHA's administrative procedure to ensure that the notice and hearing comport with due process. *See Winkelman*, 239 Wis. 2d 542, ¶ 5.

■

¶ 12. The circuit court's reversal and remand to the KHA and the Board for further proceedings consistent with the court of appeals decision instructs the

[4] Guerrero sets forth public policy grounds for the expansion of Wis. Stat. ch. 68 certiorari review. However, the court of appeals is an "error correcting" court and should not set policy on issues adequately covered by existing precedent. *See Cook v. Cook*, 208 Wis. 2d 166, 188, 560 N.W.2d 246 (1997); *Deegan v. Jefferson Cnty.*, 188 Wis. 2d 544, 559, 525 N.W.2d 149 (Ct. App. 1994) (the court of appeals is primarily an error-correcting court and if there are policy reasons for recognizing a claim, those arguments are best directed to the supreme court, wherein the law-declaring function primarily resides). We therefore decline Guerrero's invitation to expand the well-established scope of certiorari.

KHA to provide Guerrero with adequate notice of the grounds for termination and the opportunity to contest those grounds at a hearing. While the KHA may have the opportunity to remedy the insufficiencies in its notice that resulted in the violation of Guerrero's due process rights, it will not be permitted to supplement the record with new evidence.[5] *See Snajder v. State*, 74 Wis. 2d 303, 313, 246 N.W.2d 665 (1976) (permitting supplementation of the record on remand violates concepts of due process and fair play). And again, the result of this second hearing could be subject to certiorari review. *See* WIS. STAT. § 68.13.

¶ 13. Guerrero contends that WIS. STAT. § 68.01, which provides that "[t]he remedies under [ch. 68] shall

---

[5] We also reject Guerrero's assertion that she is entitled to outright reversal. Outright reversal is appropriate when the due process violation cannot be cured on remand. *See State ex rel. Thompson v. Riveland*, 109 Wis. 2d 580, 587, 326 N.W.2d 768 (1982) (reversal where revocation of probation was not supported by a preponderance of the evidence). In contrast, remand is appropriate when the due process violation can be corrected without permitting the agency to introduce new evidence or assert new allegations. *See State ex rel. Meeks v. Gagnon*, 95 Wis. 2d 115, 128–29, 289 N.W.2d 357 (Ct. App. 1980) (remand to permit the committee an opportunity to explain why it did not call witnesses, and permit the petitioner to call those witnesses, does not involve a shoring up of the deficient findings by the committee; it comports with due process by correcting the violations); *State ex rel. Gibson v. DHSS*, 86 Wis. 2d 345, 353, 272 N.W.2d 395 (Ct. App. 1978) (a remand permitting correction of the due process violation with a second hearing is within the jurisdiction of a court on certiorari review). Because a new hearing with a constitutionally sufficient notice could cure the due process violation in this case, Guerrero is not entitled to outright reversal.

not be exclusive," permits us to order the requested relief. We are not persuaded. We have already concluded that a court on certiorari review does not have the authority to do so. However, both our supreme court and this court have recognized, this provision *does* permit a separate claim for damages pursuant to 42 U.S.C. § 1983.[6] *See, e.g., Hanlon,* 235 Wis. 2d 597, ¶ 4; *Bratcher v. Housing Auth. of Milwaukee,* 2010 WI App 97, ¶ 9 & n.4, 327 Wis. 2d 183, 787 N.W.2d 418.

██

¶ 14. As a final matter, we address Guerrero's concern that our decision in *Collins* forecloses the right to pursue 42 U.S.C. § 1983 damages. It does not. *Collins* simply stands for the proposition that one does not have a due process claim under § 1983 based on the agency's failure to follow its own rules, unless or until he or she has sought redress under the state-provided administrative remedies. *Collins,* 328 Wis. 2d 798, ¶¶ 1, 33. In other words, a litigant cannot claim a deprivation of due process until he or she has in fact pursued the postdeprivation process provided. While the *Collins* court cited our supreme court's holding in *Thorp,* 235 Wis. 2d 610,

---

[6] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

¶¶ 54–56, that Wisconsin provides an adequate post-deprivation remedy in the form of certiorari under WIS. STAT. § 68.13, the *Collins* court did not foreclose a subsequent § 1983 claim. *See Collins*, 328 Wis. 2d 798, ¶ 28. Thus, although Guerrero must avail herself of the certiorari process to challenge any violations of her procedural due process rights, she retains the right to seek further redress if necessary via a § 1983 claim.

## CONCLUSION

¶ 15. We conclude that Guerrero's requests for reinstatement and restoration of past monthly rental subsidies fall outside the scope of certiorari review under WIS. STAT. § 68.13. We affirm the circuit court's order reversing the Board's decision to terminate Guerrero's Section 8 housing assistance and remanding to the KHA and the Board for further proceedings.

*By the Court.*—Order affirmed.