# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2019AP740

Complete Title of Case:

### HARTLAND SPORTSMEN'S CLUB, INC.,

#### PLAINTIFF-RESPONDENT,

#### V.

### CITY OF DELAFIELD, CITY OF DELAFIELD COMMON COUNCIL AND CITY OF DELAFIELD PLAN COMMISSION,

#### DEFENDANTS-APPELLANTS.

| | |
|---|---|
| Opinion Filed: | June 17, 2020 |
| Submitted on Briefs: | February 27, 2020 |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Reilly, P.J., and Davis, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendants-appellants, the cause was submitted on the briefs of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP*, Waukesha. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeremy P. Levinson*, *Stacie H. Rosenzweig*, and *Scott N. Burns* of *Halling & Cayo, S.C.*, Milwaukee. |

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**June 17, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP740**

STATE OF WISCONSIN

Cir. Ct. No. **2018CV813**

**IN COURT OF APPEALS**

---

HARTLAND SPORTSMEN'S CLUB, INC.,

PLAINTIFF-RESPONDENT,

V.

CITY OF DELAFIELD, CITY OF DELAFIELD COMMON COUNCIL AND CITY OF DELAFIELD PLAN COMMISSION,

DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge. *Affirmed.*

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

¶1 NEUBAUER, C.J. The City of Delafield, the City of Delafield Common Council, and the City of Delafield Plan Commission (collectively, the City) appeal from an order granting the motion of Hartland Sportsmen's Club, Inc.

(HSC) for a writ of mandamus ordering the City to issue HSC's conditional use permit (CUP) based on HSC's 2011 application and under applicable law to operate a sport shooting range. The City contends the circuit court erred in determining that prior court decisions set forth a plain legal duty to issue the CUP. We disagree and affirm.

## BACKGROUND

¶2      The sport shooting range has a long history dating back to 1948, largely described in a prior appeal, *Hartland Sportsmen's Club, Inc. v. City of Delafield* (*HSC I*), No. 2016AP666 (WI App Aug. 30, 2017), *review denied*, 2018 WI 20, 380 Wis. 2d 106, 909 N.W.2d 175. At issue is the import of our decision in that appeal affirming the circuit court's certiorari order under applicable certiorari law.

¶3      The circuit court found that the City's 2013 denial of HSC's 2011 application for a CUP was arbitrary and capricious, reflecting its will and not its judgment, and thus was invalid. As we recounted in *HSC I*, the circuit court found:

> The City … changed its analysis and standards, creating new standards and requirements. For example, the City insisted on DOE standards for military shooting ranges and misinterpreted the NRA Range Sourcebook. At every stage of the application, HSC responded proactively, presenting engineering plans, NRA and other experts, agreeing to no blue sky protocol and even to fencing. HSC showed that its shooting range enhanced the surrounding property value. But the City ignored "all of the additional, costly and all-inclusive safety proposals" and chose to focus on a single, stray bullet [in 2010].
>
> The court noted that while it could not substitute its judgment for that of the City, the City had not set forth its decision, either in writing or orally. The City simply made no findings. This was another basis, the court said, upon which to rule the City's decision invalid. In short, the City's decision to deny the CUP was arbitrary and capricious, not

> supported by the record, without explanation, and reflected the will of the City, not its judgment.

*HSC I*, No. 2016AP666, ¶¶29-30.   The circuit court granted HSC's motion for certiorari relief.   That motion included a request that it be able to "implement[] its proposal and resum[e] operations of its ranges."   (Alterations in original.)

¶4      In the prior appeal, we noted that the certiorari review involved "whether [the municipality's] action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment."   *HSC I*, No. 2016AP666, ¶50 (alteration in original) (quoting *Ottman v. Town of Primrose*, 2011 WI 18, ¶35, 332 Wis. 2d 3, 796 N.W.2d 411).[1]

¶5      We affirmed the circuit court's decision on this ground, explaining:

> The City's denial was based on safety concerns, but it never articulated what exactly in HSC's application it found did not satisfy its concerns.   Since there is no explanation for the City's denial, we assume that it was concerned that a bullet might leave the property, as it had when a pregnant woman was grazed with a bullet on April 29, 2010.   HSC took steps to make it impossible for a bullet to leave the range, implementing, among other things, no blue sky technology, NRA guidelines, and a revamped range officer program.   These recommendations, particularly implementing no blue sky technology and following NRA guidelines, were suggested by Dupler, the city planner, and HSC proceeded on these recommendations for over two years until Dupler said that they were not sufficient.
>
> After years of planning, *in which HSC undisputedly responded to each of the City's stated requirements*, Dupler

---

[1] In an appeal from an order on certiorari, we review the actions of the municipality, not the circuit court. *See State ex rel. Anderson v. Town of Newbold*, 2019 WI App 59, ¶7, 389 Wis. 2d 309, 935 N.W.2d 856.  Under common law certiorari, the court's review is limited to the following: (1) whether the municipality kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question. *Ottman v. Town of Primrose*, 2011 WI 18, ¶35, 332 Wis. 2d 3, 796 N.W.2d 411.

then recommended to the Plan Commission that, until HSC complied with the NRA Range Sourcebook or DOE security criteria, the Plan Commission deny the CUP application. Dupler provided no explanation for why his prior recommendations were "not fully sufficient to ensure public safety." Subsequently, HSC explained to the Plan Commission that the NRA Range Sourcebook was merely suggested practices, not standards, and that the failure to follow any of those suggestions did not imply that a range was being operated negligently. HSC also explained that the DOE criteria applied to "security force and quasi-military training" for DOE facilities, which did not apply to a sport shooting range. *The City had no response to these explanations*.

As HSC persuasively argues, the City "imposed ever-changing standards, issued new demands when the previous demands were met, and failed to make any findings of fact other than 'no.'" Indeed, even now on appeal, the City, instead of offering us any facts whatsoever, i.e., some "rational basis" upon which to conclude that its decision was not "arbitrary," gives us its feelings, i.e., that it "did not *feel* the design provided adequate safety." Feelings are no substitute for reason, and reason is what we seek. Since the City gives us no rational basis upon which to conclude that its decision was not arbitrary, we can only conclude that its decision was so.

*HSC I*, No. 2016AP666, ¶¶52-54 (first and second emphasis added; citation omitted). We held that the circuit court "correctly invalidated the City's denial of

HSC's CUP application," because the denial was arbitrary and capricious. *Id.*, ¶55.[2] We also stated: "[T]he application is clearly the basis for the City to provide a CUP pursuant to the applicable ordinances." *Id.*, ¶54 n.11. As HSC correctly argues, both courts found that the record did not support denial, as it was undisputed that HSC had established that its application met each of the City's requirements and stated concerns.[3]

¶6      HSC did not request, and the circuit court did not, remand to the municipality for further proceedings, and neither did we. The supreme court denied review.

¶7      Subsequently, rather than issuing the CUP based on the 2011 application, the City reconsidered, holding new hearings, taking new evidence, issuing new findings, and denying the CUP.

----

[2] We modified the circuit court's order as to another basis for its decision—that a CUP granted in 1997 was improperly revoked in 2010—which we rejected. *HSC I*, No. 2016AP666 at ¶¶1, 34, 42-43, 55. Contrary to the fundamental mischaracterization of our decision by the City, we held that WIS. STAT. § 895.527(5) (2009-10), known as the Range Protection Act (Act), *HSC I*, No. 2016AP666, ¶27 n.4, does not prevent the City from enforcing city zoning codes and ordinances, *other than* those relating to the discharge of firearms and noise, *id.*, ¶41. The statute did not preempt all regulatory oversight. Thus, we rejected the circuit court's conclusion that the 2010 revocation was precluded by the Act as void from the inception. *Id.*, ¶42. However, we also found that HSC failed to timely appeal the revocation. *Id.*, ¶43. Consequently, we rejected the circuit court's conclusion that the revocation was "void," such that the range could continue to operate as it had in 2010 regardless of the 2013 CUP denial, but we ultimately found the 2010 CUP revocation stood. These decisions leading to modification of the circuit court's order based on the 2010 revocation are not at issue here. All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3] The City's attempt to minimize the basis for both courts' decisions by characterizing them as simply finding the explanations inadequate largely ignores the thorough analysis detailing the absence of a factual basis for the City's decision.

¶8     HSC then brought a new action for a writ of mandamus, arguing that the prior court rulings required the City to issue the CUP based on HSC's application. The circuit court agreed with HSC and directed the City to issue a CUP based on the 2011 application, "pursuant to applicable statutes, ordinances and law, including the circuit court and court appeals [prior] rulings." The City appeals.[4]

## DISCUSSION

*Standard of Review and Applicable Law of Mandamus*

¶9     This appeal involves our review of the circuit court's grant of a writ of mandamus. We will uphold a circuit court's grant or denial of a writ of mandamus unless the circuit court erroneously exercised its discretion. *Lake Bluff Hous. Partners v. City of S. Milwaukee*, 197 Wis. 2d 157, 170, 540 N.W.2d 189 (1995). A circuit court's "discretion in issuing a writ of mandamus is erroneously exercised if based on an erroneous understanding of the law." *Id.* (citing *State ex rel. Althouse v. City of Madison*, 79 Wis. 2d 97, 106, 255 N.W.2d 449 (1977)). We apply de novo review to the interpretation of a prior order of judgment, including here. *See Schultz v. Schultz*, 194 Wis. 2d 799, 805-06, 535 N.W.2d 116 (Ct. App. 1995); *LeMere v. LeMere*, 2003 WI 67, ¶14, 262 Wis. 2d 426, 663 N.W.2d 789 (we decide any questions of law which may arise during our review of an exercise of discretion independently of the circuit court).

¶10     The writ "may be used to compel public officers 'to perform duties arising out of their office and presently due to be performed.'" *Pasko v. City of Milwaukee*, 2002 WI 33, ¶24, 252 Wis. 2d 1, 643 N.W.2d 72 (citations omitted).

---

[4] Neither party raises an objection to the scope of the mandamus order, which requires compliance with applicable statutes and ordinances.

Mandamus relief is warranted when these prerequisites are present: "(1) a clear legal right; (2) a positive and plain duty; (3) substantial damages; and (4) no other adequate remedy at law." *Law Enf't Standards Bd. v. Village of Lyndon Station*, 101 Wis. 2d 472, 494, 305 N.W.2d 89 (1981).

*The Circuit Court Did Not Err in Granting Mandamus*

¶11     The City contends the prior decisions permit further hearings and reconsideration of the 2011 CUP application.  HSC contends that, because supplementing the record on remand from the certiorari court would not be permitted here, the circuit court's reversal, which we affirmed, requires the City to issue the CUP pursuant to the 2011 application.  The circuit court agreed with HSC, as do we.

¶12     The purpose of certiorari judicial review of municipal and administrative decisions is to ensure procedural due process. *Guerrero v. City of Kenosha Hous. Auth.*, 2011 WI App 138, ¶8, 337 Wis. 2d 484, 805 N.W.2d 127. After review, a certiorari court has three options—affirm, reverse, or remand for further proceedings consistent with the court's decision.  *Id.*; *see also* WIS. STAT. § 68.13(1) ("The court may affirm or reverse the final determination, or remand to the decision maker for further proceedings consistent with the court's decision.").

¶13     Both parties point to *Guerrero*, and we agree that it sets forth the case law and four guiding principles at issue here.

¶14     Remand to the municipality or administrative tribunal for further hearings is appropriate where (1) the defect in the proceedings is one that can be cured, but (2) supplementation of the record *by the government decision maker* with new evidence or to assert new grounds is not permitted.  *Guerrero*, 337 Wis. 2d

7

484, ¶12 & n.5 (citing *Snajder v. State*, 74 Wis. 2d 303, 312-13, 246 N.W.2d 665 (1976)). Consequently, (3) "[o]utright reversal is appropriate when the due process violation cannot be cured on remand," which includes cases in which the evidence failed to support the government's decision. *Guerrero*, 337 Wis. 2d 484, ¶12 n.5.

¶15    Our decision in *Guerrero*, and the cases it cites, illustrate these principles. In *Guerrero*, a public housing authority's termination of a subsidy denied the tenant due process because the notice failed to provide any information regarding the time period of the tenant's alleged violation and what evidence supported the housing authority's assertions. *Id.*, ¶4. Because the defective notice undermined the tenant's ability to challenge the termination, reversal and remand for a new hearing were necessary to correct the due process violation. *Id.*, ¶12 & n.5. We denied Guerrero's request for "outright reversal," i.e., reinstatement, because a new hearing with a constitutionally sufficient notice could cure the due process violation. *Id.*, ¶12 n.5.

¶16    As noted above, on remand, the housing authority was not permitted to supplement the record with new evidence or grounds. *Id.* Affording a government decision maker a "second kick at the cat" on remand by supplementing the record with new evidence or new allegations violates the standards of due process and fair play. *State ex rel. Gibson v. DHSS*, 86 Wis. 2d 345, 353, 272 N.W.2d 395 (Ct. App. 1978) ("A remand which allows the department a second shot at establishing grounds for revocation violates the standards of due process and fair play[.]"). As the court in *Gibson* explained, the government decision maker's

grounds must be established at a single proceeding.[5] *Id.* To permit a second hearing would be "analogous to allowing a second trial to 'shore up' the record to support the judgment," which, "of course, would violate due process." *Snajder*, 74 Wis. 2d at 313.

¶17    In *Guerrero*, we looked to other cases, all of which exemplified these principles. *Guerrero*, 337 Wis. 2d 484, ¶12 n.5. In *State ex rel. Meeks v. Gagnon*, 95 Wis. 2d 115, 128-29, 289 N.W.2d 357 (Ct. App. 1980), the court remanded because it was necessary to correct the due process violation. Permitting the petitioner challenging revocation to call denied witnesses or have an explanation by the prison disciplinary committee as to why it refuses to call them, would not involve a shoring up of the deficient findings by the government. In *Gibson*, we held a prior remand to permit Gibson to present the case against parole revocation was necessary to correct a due process violation, but we found that due process had been violated on remand because the department introduced new evidence and new allegations. *Gibson*, 86 Wis. 2d at 353-54.

¶18    Similarly, remand to determine if a single violation supported revocation, after two grounds were disallowed on certiorari appeal, was appropriate as additional evidence to support new grounds for revocation was precluded. *Snajder*, 74 Wis. 2d at 312, 314; *see also* *State ex rel. Momon v. Milwaukee Cty. Civil Serv. Comm'n*, 61 Wis. 2d 313, 321, 212 N.W.2d 158 (1973) (where one of three grounds for discharge of a civil service commission employee was deemed

---

[5] The *Gibson* court noted that nothing precluded the department from abandoning the proceedings based on the specific violations or commencing new proceedings on different grounds. *State ex rel. Gibson v. DHSS*, 86 Wis. 2d 345, 354, 272 N.W.2d 395 (Ct. App. 1978); *see also* *State ex rel. Thompson v. Riveland*, 109 Wis. 2d 580, 587, 326 N.W.2d 768 (1982). Obviously, because probation continues, unlike issuance or denial of a CUP application, new grounds and new proceedings may be appropriate.

insufficiently supported, remand was appropriate to reconsider the penalty, which would not involve new evidence or new grounds for discharge).

¶19    Likewise, where an appellate court finds the deliberating body applied the wrong legal standard, reconsideration is in order because the application of the incorrect standard can be cured on remand. *Lamar Cent. Outdoor, Inc. v. Board of Zoning Appeals of Milwaukee*, 2005 WI 117, ¶¶23-24, 284 Wis. 2d 1, 700 N.W.2d 87.[6]

¶20    Here, the third principle is controlling: "Outright reversal is appropriate when the due process violation cannot be cured on remand." *Guerrero*, 337 Wis. 2d 484, ¶12 n.5. This includes reversals where the factual evidence failed to support the municipality's or administrative tribunal's decision. Because the decision maker cannot supplement the record with new evidence or new grounds, the defect cannot be cured. *Id.* (citing *State ex rel. Thompson v. Riveland*, 109 Wis. 2d 580, 587, 326 N.W.2d 768 (1982) (reversal when probation revocation was not supported by the evidence); *see also Snajder*, 74 Wis. 2d at 313-14 (improper to remand to supplement the evidence and allegations in support of revocation); *see also Oneida Seven Generations Corp. v. City of Green Bay*, No. 2013AP591,

---

[6] The City suggests our rejection of HSC's preemption argument (see footnote 2) supports remand for the City to reconsider the application based on a change in the legal analysis. The City fails to explain how it applied the wrong legal standard in its 2013 denial, or to point to anything in *HSC I* suggesting that remand for this purpose was appropriate. *See Associated Bank, N.A. v. Brogli*, 2018 WI App 47, ¶26, 383 Wis. 2d 756, 917 N.W.2d 37 (we leave undeveloped arguments unaddressed).

unpublished slip op. ¶43 (WI App Mar. 25, 2014), *aff'd*, 2015 WI 50, 362 Wis. 2d 290, 865 N.W.2d 162 (reversal of arbitrary revocation left CUP in place).[7]

¶21    Here, the circuit court found the City's denial invalid because the City's denial was arbitrary, given that the record showed that HSC met and addressed the City's requirements and concerns.  On appeal, we affirmed, finding the City failed to show a factual basis for its denial based on the only reason it set forth on appeal—safety.[8]  By invalidating the arbitrary denial, when no hearing to supplement the record is permitted, the circuit court's order necessarily requires issuance:  invalidation of the denial amounts to a reversal.  The mandamus court correctly interpreted the prior rulings to reverse and require the City to issue the CUP based on the 2011 application, applicable statutes, ordinances and the court decisions.

¶22    As the circuit court aptly stated, the City had its opportunity to put forth its best evidence and its reasoning, which was found wanting.  The law of certiorari does not afford the municipality a second kick at the cat under these circumstances.

¶23    Finally, a fourth principle:  the City points to our statement in *Guerrero* that a certiorari court cannot order a municipality on remand to perform a certain act.  *Guerrero*, 337 Wis. 2d 484, ¶9 (citing ***Merkel v. Village of Germantown***, 218 Wis. 2d 572, 578, 581 N.W.2d 552 (Ct. App. 1998)).  We agree, in that we held the circuit court could not order the housing authority to provide Guerrero past housing subsidies, i.e., damages, because that did not comply with the

---

[7]  Unpublished opinions issued on or after July 1, 2009, may be cited for persuasive value. *See* WIS. STAT. RULE 809.23(3).

[8]  The City acknowledges that "the evidence supporting [safety issues] was not articulated in the briefs filed in the HSC I litigation."

limited available options—affirm, reverse or remand for further proceedings. *Guerrero*, 337 Wis. 2d 484, ¶¶9-13, 15 (while certiorari did not permit the court to provide damages, such relief could be possible through other avenues, such as claims under 42 U.S.C. § 1983 (2006)). Here, the circuit court's order fit squarely within its three options—reverse.[9]

¶24　In sum, the City provides no authority for a re-do with new evidence and new grounds when the circuit court invalidates a municipality's decision due to the absence of a factual basis for the denial. The circuit court acted appropriately in granting HSC's writ of mandamus, ordering the City to grant the CUP pursuant to HSC's application and applicable law.[10]

*By the Court.*—Order affirmed.

---

[9] Because we find that the City had no authority to reconsider the application, we do not reach the parties' arguments as to whether the denial on reconsideration was supported by substantial evidence, or whether the City complied with various statutory, procedural, and open meetings requirements.

[10] We are not unmindful of the safety concerns the City and neighbors continue to express about a sport shooting range in this area. As we noted previously, local ordinances provide bases to disallow continuance for safety reasons as well as for failure to comply with the conditions of the conditional grant. *HSC I*, No. 2016AP666, ¶40; *see* DELAFIELD, WIS., CODE §§ 17.40 and 17.44 (2010). In addition, as HSC points out, WIS. STAT. 895.08(2) now provides an avenue to address portions of a sport shooting range's operation, the use of a particular firearm type at the sport shooting range, or the conduct of a particular activity which constitutes a clear and immediate public safety hazard.