STATE of Wisconsin, EX REL. William W. WILSON and James M. Lampe, Plaintiffs-Appellants,†

v.

Mayor Milo G. SCHOCKER and The Common Council of the City of Oak Creek, Defendants-Respondents.

Court of Appeals

*No. 87–0225. Submitted on briefs September 1, 1987.—Decided November 5, 1987.*

(Also reported in 418 N.W.2d 8.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *John P. Buckley,* of Waukesha.

For the defendants-respondents the cause was submitted on the briefs of *Lawrence J. Haskin,* city attorney, of Oak Creek.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

MOSER, P.J. William W. Wilson (Wilson) and James M. Lampe (Lampe) appeal from an order denying their petition for writ of certiorari demanding

an order reinstating them as officers to their promoted ranks within the Oak Creek Police Department. Because the relevant case law and statutes show that the officers had no right to promotion, we affirm.

On November 5, 1985, the Oak Creek Common Council, in an attempt to cut municipal spending, passed a resolution which stated in pertinent part:

> BE IT FURTHER RESOLVED that the position of a municipal employee who retires, quits or whose employment is terminated for any reason whatsoever, shall not be filled unless the Mayor and Common Council deem that said position is essential to the delivery of services to the citizens of Oak Creek.
>
> BE IT FURTHER RESOLVED that no department head within the City of Oak Creek shall fill a vacant position unless first receiving consent and approval from the Mayor and Common Council of the City of Oak Creek.

On January 4, 1986, a lieutenant of the police department retired. The police chief recommended that Lampe be promoted to lieutenant and that Wilson be promoted to sergeant to fill Lampe's position. These promotions were approved by the Oak Creek Police and Fire Commission.

On June 17, 1986, the common council voted to approve the promotions. Two days later, Lampe and Wilson were sworn in at their new ranks. On June 22, 1986, Mayor Milo G. Schocker vetoed the approval of the common council. No action was ever taken by the council on this veto. Therefore, on July 9, 1986, Lampe and Wilson were reinstated at their former ranks.

Wilson and Lampe raise three issues on appeal. The first issue is whether the common council and the mayor had the authority to adopt the resolution limiting the power of the police and fire commission to promote police officers. The trial court held that the resolution was lawfully adopted. In certiorari proceedings, we are not bound by the trial court's decision.[1]

Wilson and Lampe argue that sec. 62.13(12), Stats., specifically states that the regulation of the police department is a matter of statewide concern. By adopting a resolution which conflicts with sec. 62.13, the mayor and common council have violated the home rule amendment of the Wisconsin constitution.[2]

■

Municipalities have no inherent right of self-government which is beyond the legislative control of the state.[3] However, the home rule amendment grants cities and villages the power to determine their local affairs and government.[4] The legislature further delegated powers to municipalities in sec. 62.11(5), Stats., which states:

---

[1]*State ex rel. Wisconsin River Power Co. v. Board of Review of Armenia,* 125 Wis. 2d 94, 97, 370 N.W.2d 580, 581–82 (Ct. App. 1985).

[2]Wis. Const. art. XI, sec. 3 states:

(1) Cities and villages organized pursuant to state law may determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of statewide concern as with uniformity shall affect every city or every village. The method of such determination shall be prescribed by the legislature.

[3]*Van Gilder v. City of Madison,* 222 Wis. 58, 72, 267 N.W. 25, 30 (1936).

[4]*Id.* at 83, 267 N.W. at 35.

Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language.

■■ Neither the home rule amendment nor sec. 62.11(5), Stats., implies that a municipality may not legislate in matters primarily of statewide concern.[5] Section 62.11(5) would be a nullity if it were construed to confer on municipalities only that authority which related to "local affairs" since that power is already constitutionally guaranteed by the home rule amendment.[6] Thus, municipalities may act, even in matters of statewide concern, if there is no express language elsewhere in the statutes restricting this power and as long as the ordinance or resolution does not infringe the spirit of a state law or general policy.[7]

■■ The resolution adopted in this case was within the city's authority. This resolution, resulting from bud-

---

[5]*City of Madison v. Schultz,* 98 Wis. 2d 188, 198, 295 N.W. 2d 798, 802 (Ct. App. 1980).

[6]*Wisconsin's Envtl. Decade, Inc. v. DNR,* 85 Wis. 2d 518, 533, 271 N.W.2d 69, 76 (1978).

[7]*Id.* at 534, 271 N.W.2d at 76.

getary restraints, was a matter primarily related to the exercise of municipal powers and responsibilities and the integrity of the political processes of municipal government.[8] It was a lawful act of management and control of city finances to promote the health, safety and welfare of the public.

The appellants' contention that the resolution violated sec. 62.13(4) and (5m), Stats., is without merit. Even though this section provides for the procedures to be used in appointing officers and filling vacancies in the police department, the common council and mayor must, as elected officials, have final control over the city purse strings. In this way, the powers granted to the common council, the mayor and the police and fire commission in secs. 62.11, 62.09(8) and 62.13, Stats., respectively, can be harmonized.

Wilson and Lampe cite *Racine Fire and Police Commission v. Stanfield* [9] for the proposition that the police and fire commission can assert its authority even when it may appear to be antagonistic to the city's policies. We agree with this general proposition. However, that authority must be created by a lawfully enacted statute, ordinance or resolution. Here, the authority asserted is contrary to both sec. 62.11(5), Stats., and the lawfully adopted resolution.

Wilson and Lampe next argue that the mayor had no power to veto the promotions. However, this argument erroneously assumes that the mayor vetoed the action of the police chief and the police and fire

---

[8]*See City of Brookfield v. WERC,* 87 Wis. 2d 819, 830, 275 N.W.2d 723, 728 (1979).

[9]70 Wis. 2d 395, 234 N.W.2d 307 (1975).

commission. Section 62.09(8)(c), Stats., gives the mayor veto power over all acts of the council unless otherwise provided. The mayor properly used this power in vetoing the council's approval of the promotions; he did not use it to veto the acts of the police chief or commission.

██

Finally, Wilson and Lampe argue that the mayor's veto and subsequent inaction by the council were a sham in view of the fact that they had hired several employees for other city departments despite the "moratorium on hiring." Courts are loath to second-guess legislative bodies. We have no business saying whether we would have acted the way the council did in making a proper legislative choice.[10] This court will not interfere with the exercise of a municipality's spending powers unless it is clearly illegal. If there is any reasonable basis for the enactment of a resolution or ordinance, it must be sustained.[11] It follows that if there was a reasonable basis for the mayor's veto and the council's failure to override it, we will not disturb these decisions. Since we have already held that the resolution was legally enacted and since cutting municipal spending is a reasonable basis for the resolution and the defendants' actions, we will not overrule the legislative authority of the mayor and common council of Oak Creek.

*By the Court.*—Order affirmed.

---

[10]*Clark Oil & Ref. Corp. v. City of Tomah,* 30 Wis. 2d 547, 557, 141 N.W.2d 299, 304 (1966).

[11]*See Kmiec v. Town of Spider Lake,* 60 Wis. 2d 640, 652, 211 N.W.2d 471, 476 (1973).