James D. HANLON, Plaintiff-Appellant,

v.

TOWN OF MILTON, Town Board of Milton, William Cunningham, Harold Traynor, Ronald Kaiser, Gerald Fredrick, James Clark, and Kenneth Hull, Defendants-Appellees.

Supreme Court

*No. 99–1980–CQ. Oral argument January 7, 2000.—Decided June 21, 2000.*

2000 WI 61

(Also reported in 612 N.W.2d 44.)

For the plaintiff-appellant, there were briefs by *J. Ric Gass, John F. Hovel, Joseph S. Goode, Michael D. Rosenberg* and *Kravit, Gass, Hovel & Leitner, S.C.*, Milwaukee, and oral argument by *Joseph S. Goode*.

For the defendants-appellees, there was a brief by *Ted Waskowski, Meg Vergeront* and *Stafford, Rosenbaum, Rieser & Hansen*, Madison, and oral argument by *Ted Waskowski*.

¶ 1. WILLIAM A. BABLITCH, J. This is a certification of a question of law from the United States Court of Appeals for the Seventh Circuit, pursuant to Wis. Stat. § 821.01 (1997–98).[1] *Hanlon v. Town of*

---

[1] Wis. Stat. § 821.01 (1997–98). Power to answer.

The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States or the highest appellate court of any other state when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

*Milton*, 186 F.3d 831 (7th Cir. 1999). The question of law certified for determination is:

> Whether a litigant challenging an administrative determination according to the provisions set forth in Chapter 68 may bring an equal protection claim and whether the reviewing Wisconsin court may consider the merits of such a claim under this chapter when the claim arises from the same transaction forming the basis for the administrative determination so that the failure to raise such a claim invokes the doctrine of claim preclusion.

¶ 2. We review questions of law independently. *In re Badger Lines, Inc.*, 224 Wis. 2d 646, 653, 590 N.W.2d 270 (1999). When interpreting a statute, our goal is to discern the intent of the legislature. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 365, 597 N.W.2d 687 (1999).

¶ 3. The Town of Milton (Town)[2] asserts that James D. Hanlon (Hanlon) is precluded from bringing his equal protection claim for one of two reasons. The Town argues that Hanlon's failure to bring his equal protection claim within his Wis. Stat. ch. 68 certiorari review precludes him from now asserting that claim; alternatively, the Town argues that Hanlon's failure to join his equal protection claim with his ch. 68 certiorari review precludes him from asserting that claim. We do not agree with either reason.

---

All subsequent statutory references are to the 1997–98 volume of the statutes, unless noted otherwise.

[2] Defendants in this case are the Town of Milton, the Town Board of Milton, William Cunningham, Harold Traynor, Ronald Kaiser, Gerald Fredrick, James Clark and Kenneth Hull, all of whom we will refer to collectively as "the Town."

¶ 4. We conclude that a litigant cannot bring a claim for money damages grounded upon 42 U.S.C. § 1983 (§ 1983)[3] in a certiorari proceeding brought under Wis. Stat. ch. 68. We further conclude that although Hanlon could have joined his § 1983 claim with his ch. 68 certiorari review, he was not required to do so. Failure to join these actions does not preclude him from now bringing his § 1983 claim.

## Procedural History

¶ 5. The procedural facts giving rise to this question of law can be briefly recounted. In 1990 Hanlon sought a conditional use permit from the Town of Milton Planning and Zoning Committee (Committee). Hanlon wanted to operate a gravel quarry on his agricultural property. The Committee held one meeting in February 1990 at which it considered Hanlon's application as well as two other applications for conditional use permits. These two applicants, defendants James Clark and Gerald Fredrick, were members of the Planning and Zoning Committee. Fredrick was not in attendance at the meeting. Clark abstained from voting on both Hanlon's application as well as his own permit request.

¶ 6. Hanlon's application met with significant public opposition and was denied primarily on this basis. The two remaining applications were approved.

---

[3] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . .subjects, or causes to be subjected, any citizen of the United States. . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

601

Local residents raised no objection to these permit requests.

¶ 7. Hanlon appealed. In September 1990 the Town of Milton Town Board (Board) affirmed the decision of the Committee.

¶ 8. In October 1990 Hanlon sought certiorari review in Rock County Circuit Court, pursuant to Wis. Stat. § 68.13 (1989–90). In an order issued in November 1991 the circuit court reversed the Board's decision. The circuit court found the Board's decision to have been arbitrary, oppressive, and unreasonable and that the Board failed to comply with requirements for conducting a hearing on administrative review as set forth in Wis. Stat. § 68.11 (1989–90). The circuit court ordered that a new hearing be held in compliance with the statute.

¶ 9. On remand, a hearing was conducted before an independent hearing examiner. After taking evidence, the examiner denied Hanlon's application in September 1994.

¶ 10. In October 1994 Hanlon again sought certiorari review. In November 1995 the circuit court reversed the hearing examiner's decision. The Town appealed. In an unpublished decision issued in September 1996 the court of appeals reversed this ruling and upheld the Town's decision to deny Hanlon's 1990 application for a conditional use permit. This court denied Hanlon's subsequent petition for review.

¶ 11. In September 1997 Hanlon brought an action in federal district court under § 1983, alleging that the defendants deprived him of his constitutional rights to due process and equal protection of the law by denying his conditional use permit application, and seeking money damages. The Town moved for summary judgment, which was granted. Hanlon appealed.

Subsequently the United States Court of Appeals for the Seventh Circuit certified to this court the question we now address.

## Analysis

¶ 12. We have been asked to address a narrow question of law: when a municipal administrative determination gives rise to an equal protection claim for money damages actionable under § 1983, must this equal protection claim be brought and heard in a Wis. Stat. § 68.13 certiorari proceeding brought by the litigant? The Town argues that failure to assert the § 1983 claim within the Wis. Stat. ch. 68 proceeding, or to join these claims arising from the same transaction, results in claim preclusion. *See Northern States Power v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995). We disagree with both arguments.

¶ 13. We first address the Town's argument that Hanlon's § 1983 claim for money damages must be brought in his Wis. Stat. § 68.13 certiorari proceeding.[4] The Town contends that the purpose of Wis. Stat. ch. 68 is to provide a constitutionally sufficient process for the review of municipal determinations that implicate rights protected by the Fourteenth Amendment to the United States Constitution. Wis. Stat. § 68.001.[5]

---

[4] Under Wis. Stat. § 68.16 a municipality may elect to opt out of all or part of Wis. Stat. ch. 68. In its brief the Town asserts that it has exercised its option of not being covered under ch. 68 and judicial review was available to Hanlon through common-law, not statutory, certiorari. Hanlon disagrees with this assertion by the Town. The scope of our inquiry in this case is limited to the question of law certified to this court by the United States Court of Appeals for the Seventh Circuit, and we therefore do not reach the parties arguments on this issue.

[5] Wis. Stat. § 68.001 Legislative purpose.

Although we agree that litigants can raise constitutional objections to municipal determination in certiorari review, we do not agree that a claim for money damages based upon § 1983 may be brought in this forum.

¶ 14. In a certiorari proceeding a litigant may argue that his or her constitutional right to equal protection has been violated in an effort to establish that a municipal determination was not made according to law or is unreasonable, arbitrary and oppressive. *Tateoka v. City of Waukesha Bd. of Zoning Appeals*, 220 Wis. 2d 656, 662, 670–72, 583 N.W.2d 871 (Ct. App. 1998) (equal protection challenge considered in Wis. Stat. § 62.23(7)(e)10 certiorari review); *Madison Landfills, Inc. v. Dane County*, 183 Wis. 2d 282, 285, 292–96, 515 N.W.2d 32 (Ct. App. 1994) (challenging a zoning board decision on equal protection grounds in certiorari review); *Shannon & Riordan v. Zoning Board*, 153 Wis. 2d 713, 722, 724–31, 451 N.W.2d 479 (Ct. App. 1989) (denial of equal protection and due process rights argued in certiorari review brought under Wis. Stat. §§ 62.23(7)(e)10, (i) and 753.04).

¶ 15. However, and key to understanding this issue, there is a distinction between presenting an equal protection argument in a Wis. Stat. ch. 68 certiorari proceeding and asserting an equal protection claim for money damages under § 1983.

¶ 16. One purpose of a § 1983 claim is to create a tort remedy for the deprivation of federal constitutional rights by government action. *Thompson v.*

---

The purpose of this chapter is to afford a constitutionally sufficient, fair and orderly administrative procedure and review in connection with determinations by municipal authorities which involve constitutionally protected rights of specific persons which are entitled to due process protection under the 14th amendment to the U.S. constitution.

604

*Village of Hales Corners*, 115 Wis. 2d 289, 297, 340 N.W.2d 704 (1983). The relief available to a litigant from the circuit court under Wis. Stat. § 68.13(1) is limited. Under § 68.13(1) the court can only affirm, reverse, or remand for additional proceedings in accord with the court's judgment.[6] In contrast, remedies demanded by Hanlon in his § 1983 claim included monetary damages and reasonable attorney fees.[7]

¶ 17. According to the Restatement (Second) of Judgments:

> The general rule [concerning claim splitting] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him [or her] under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26(1)(c), cmt. c (1982).

---

[6] Wis. Stat. § 68.13 Judicial review.

(1) Any party to a proceeding resulting in a final determination may seek review thereof by certiorari within 30 days of receipt of the final determination. The court may affirm or reverse the final determination, or remand to the decision maker for further proceedings consistent with the court's decision.

[7] *See Thorp v. Town of Lebanon*, 2000 WI 60, ¶ 43, 235 Wis. 2d 610, 612 N.W.2d 59.

¶ 18. Because the issue of monetary damages could not have been litigated in the Wis. Stat. ch. 68 proceeding, we conclude that Hanlon's § 1983 claim could not have been brought by him within his ch. 68 certiorari review.[8]

¶ 19. We turn next to the Town's alternative argument. The Town points out that Wis. Stat. ch. 68 provides that the remedies within ch. 68 "shall not be exclusive." Wis. Stat. § 68.01. The Town asserts that Hanlon could have joined a § 1983 claim to his statutory certiorari claim. The Town contends because Hanlon failed to join these actions, the doctrine of claim preclusion bars Hanlon's claim presently before the federal courts.

¶ 20. Claim preclusion "is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Northern States Power*, 189 Wis. 2d at 550 (quoting *Purter v. Heckler*, 771 F.2d 682, 689–90 (3d Cir. 1985)). Key objectives of the doctrine of claim preclusion are to promote judicial economy and to "conserve the resources the parties would expend in repeated and needless litigation of issues that were, or that might have been resolved in a single prior action." *Stuart v. Stuart*, 140 Wis. 2d 455, 461, 410 N.W.2d 632 (Ct. App. 1987), *aff'd by*, 143 Wis. 2d 347, 352, 421 N.W.2d 505 (1988) (In *Stuart*, this court expressly adopted the reasoning of the court of appeals regarding the legal principles underlying claim preclusion. *Stu-*

[8] The Town argues that Hanlon did raise equal protection arguments in the certiorari proceedings. Because this argument appears to address issue preclusion, rather than claim preclusion, we decline to address it here.

*art*, 140 Wis. 2d at 460–64). We conclude that the principles underlying the doctrine of claim preclusion cannot be achieved by joining a § 1983 claim with a certiorari proceeding brought pursuant to Wis. Stat. ch. 68. Therefore, failing to join these claims does not bar Hanlon's present cause of action.

¶ 21. Wisconsin Stat. ch. 68 certiorari is a limited form of review, while a claim under § 1983 exists as a "uniquely federal remedy" that "is to be accorded a sweep as broad as its language." *Felder v. Casey*, 487 U.S. 131, 139 (1988) (quoting *Mitchum v. Foster*, 407 U.S. 225, 239 (1972) and *United States v. Price*, 383 U.S. 787 (1966)).

██

¶ 22. Certiorari proceedings are distinct from civil actions, which are filed to resolve a controversy between the parties. *Merkel v. Village of Germantown*, 218 Wis. 2d 572, 580, 581 N.W.2d 552 (Ct. App. 1998), *review denied*, 220 Wis. 2d 367, 585 N.W.2d 159 (1998). Additional fact finding by the circuit court is not permitted by Wis. Stat. § 68.13. *See State ex rel. Hemker v. Huggett*, 114 Wis. 2d 320, 323, 338 N.W.2d 335 (Ct. App. 1983) (holding that the circuit court may not conduct a factual inquiry on statutory certiorari unless the statute authorizes the court to take evidence). The court's scope of review is limited to the record produced in the proceeding below. Wis. Stat. § 68.13.

¶ 23. If the scope of review on certiorari is not enlarged by statute, then the traditional standards of common-law certiorari review apply:

> (1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and

(4) whether the evidence was such that it might reasonably make the order or determination in question.

*State ex rel. Ruthenberg v. Annuity & Pension Bd.*, 89 Wis. 2d 463, 472, 474, 278 N.W.2d 835 (1979).

¶ 24. Claims brought under § 1983 involve the presentation of evidence and the finding of facts. In a § 1983 action, plaintiff has a right to demand a jury trial. *Mansfield v. Chicago Park Dist. Group Plan*, 946 F. Supp. 586, 595 (N.D.Ill 1996). Hanlon demanded a jury trial in his complaint to the federal district court. Wisconsin Stat. ch. 68 certiorari and a § 1983 action do not fit together within the fundamental structure of bringing one judicial action. The objectives of claim preclusion, therefore, cannot be attained.

¶ 25. In addition, under Wis. Stat. § 68.13(1), an individual has 30 days after receiving a final determination from a municipality in which to seek certiorari review. However a six-year statute of limitation governs § 1983 claims. *Hemberger v. Bitzer*, 216 Wis. 2d 509, 519, 574 N.W.2d 656 (1998). If claim preclusion barred Hanlon's § 1983 claim for money damages, then the 30-day limitation period for ch. 68 certiorari would apply. Such a result would undermine the policies supporting the § 1983 cause of action.

¶ 26. Requiring Hanlon to join his § 1983 claim for money damages when he filed his Wis. Stat. ch. 68 review would unduly complicate the procedure established by the legislature to provide for an orderly review of a municipality's determinations. In addition, joinder of claims and counterclaims is permissive, not mandatory, in Wisconsin. Wis. Stat. § 803.02.

■

¶ 27. We conclude, therefore, that although Hanlon could have joined his § 1983 claim with his ch. 68

608

certiorari review, he was not required to do so. Failure to join these actions does not preclude him from bringing his § 1983 claim.

*By the Court.*—Question answered and cause remanded to the United States Court of Appeals for the Seventh Circuit for further proceedings consistent with this opinion.