COURT OF APPEALS
DECISION
DATED AND FILED

June 14, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1658**

Cir. Ct. No. **2019CV20**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

RICHARD BURBY,

PLAINTIFF-APPELLANT,

V.

LANGLADE COUNTY,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Langlade County: WILLIAM F. KUSSEL, JR., Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Richard Burby appeals from an order of the circuit court denying his motion for summary judgment and granting summary judgment

to Langlade County (the County). The court's order affirmed the decision of the Langlade County Board of Supervisors (the Board) removing Burby from his position as a county board supervisor for cause. Burby argues that he was removed from his elected position for exercising his First Amendment right to free speech, and, accordingly, the proper standard and scope of review on appeal is de novo, rather than the common law certiorari standard of review. He asserts that when we review this matter de novo and properly apply First Amendment jurisprudence, the court's decision and the removal order must be vacated. We conclude that the Board correctly applied the relevant law, acted within its jurisdiction, and reached a decision supported by sufficient evidence. Accordingly, we affirm.

## BACKGROUND

¶2 Burby was re-elected and sworn in as a Langlade County Board Supervisor on April 17, 2018. On October 11, 2018, complainants David J. Solin, Ronald M. Nye, and Douglas Nonnenmacher, as residents and taxpayers of the County, presented a "Verified Statement of Charges against Richard J. Burby" (the Statement). A hearing on the charges was subsequently scheduled before the Board on November 27, 2018.[1]

---

[1] On October 26, 2018, a certified copy of the Statement, a copy of the Rules of the Langlade County Board, and written notice of the November 27, 2018 hearing were hand-delivered to Burby. On November 1, 2018, Burby was served with a certified copy of the Statement and a copy of the Rules of the Langlade County Board.

¶3 The complainants requested that Burby be removed from his elected position based on WIS. STAT. §§ 17.09(1) and 17.16 (2019-20).[2] The Statement included four specific charges against Burby: (1) he "failed to act in the best interests of County government, as he engaged in conduct that a reasonable person would deem unethical, offensive or otherwise contrary to community values or the oath of office"; (2) he "intentionally failed to follow policies and procedures adopted by the Langlade County Board, including but not limited to the governmental accountability and complaint resolution policy"; (3) he "failed to act in the best interest of county government by refusing to complete the remedial measures he was directed to undertake by the executive committee or Langlade County"; and (4) he "neglected his duty as a county board supervisor as he has not maintained at least two committee appointments during his current term in office."

¶4 These charges were based in part on complaints filed years earlier against Burby. A September 21, 2016 letter to Burby from the Executive Committee for the Langlade County Board of Supervisors (the Executive Committee) identified five instances in which Burby was said to have "engaged in conduct that violated the policies and/or rules of the Langlade County Board of Supervisors." The letter provided notice of a hearing on the complaints, stated that Burby would have an opportunity to respond to the complaints, and requested that Burby submit any information or evidence that he intended to present at the hearing to Robin J. Stowe, the Langlade County Corporation Counsel. Burby did not submit any information or evidence to Stowe prior to the hearing.

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted. For ease of reference, we cite to the current version because there have been no changes to the relevant language from the 2015-16 version that was applied by the Executive Committee and the Board.

¶5     On October 12, 2016, the Executive Committee met in a closed session, pursuant to Rule 17.1 of the Rules of the Langlade County Board (2016-18),[3] and held an evidentiary hearing regarding the complaints the County had received regarding Burby's conduct as a Board member. Burby was present at the hearing. After hearing evidence, the Executive Committee determined that there was sufficient evidence to find that Burby engaged in conduct that violated the policies and/or rules of the Board. There were five instances of Burby's claimed misconduct, as explained below.

¶6     First, it was alleged that during an airport committee meeting, Steve Koss, a member of the public and a disabled veteran, had requested that he be allowed to sit at the committee table "as an accommodation for his hearing disability." Burby then repeatedly asked Koss, "[W]here is your hearing aid[?]" The Executive Committee determined that "the conduct engaged in by Burby would offend any reasonable person" and that "it was appropriate to remove Burby from the Airport Committee" and to request a letter of apology from Burby to Koss.

¶7     Second, the Executive Committee "found that Burby made false and/or misleading statements about County Board Supervisor Ronald M. Nye." The Executive Committee found that Burby had claimed that "Nye committed 'malfeasance' while [Nye was] acting as the Chairman of the Forestry Committee during the recruitment and selection process for the Recreation Coordinator/Forestry Technician position." After an investigation, the Executive Committee determined that Burby's complaints were without merit. The

---

[3] All citations to the Rules of the Langlade County Board are to the 2016-18 version.

Executive Committee requested that Burby publicly retract both his claim of Nye's wrongdoing during the hiring process and his claim that Nye committed "malfeasance" while acting as the Chairman of the Forestry Committee, and that he also submit a letter of apology to Nye.

¶8    Third, the Executive Committee determined that Burby had "intentionally abused Langlade County's Accountability and Complaint Resolution Policy" by filing complaints similar to ones that he had previously filed that were determined to be without merit. The Executive Committee took the possible imposition of penalties under advisement.

¶9    Fourth, the Executive Committee "found that Burby made false and/or misleading statements about the Langlade County Board while attending the Wisconsin County Association (WCA) seminar as a representative of the Langlade County Board of Supervisors." According to the Executive Committee record, Burby stated that the Board had "engaged in 'terrible wrongdoings,' and conducted 'illegal meetings' with 'illegal notices.'" This finding was based on an investigation and a statement from another official who was at the WCA seminar. The Executive Committee "determined that Burby failed to act in the best interests of Langlade County, by failing to refrain from conduct that a reasonable person would deem unethical, offensive or otherwise contrary to the community values or the Oath of Office."

¶10    For the fifth, and final, instance of Burby's claimed misconduct, the Executive Committee found that "on or about September 7, 2016[,] Burby contacted the Langlade County Clerk's Office and spoke with Chief Deputy Clerk Becky Rank regarding an invoice for a document request." Burby was found to have been "demeaning, intimidating, and he bullied the staff of the County Clerk's

Office," such that a "reasonable person would be offended and/or intimidated by Burby's conduct." The Executive Committee requested that Burby submit a letter of apology to Rank and attend "sensitivity" training.

¶11 During the October 12, 2016 evidentiary hearing, Burby was offered the opportunity to respond to the allegations and to present evidence to dispute the Executive Committee's findings. According to the record, "Burby did not offer any relevant and/or contrary evidence during the evidentiary hearing, other than to allege for the first time that Steve Koss assaulted him at the Airport Committee meeting." After considering all the evidence presented at the hearing, the Executive Committee decided to remove Burby from all committee assignments, pursuant to Rule 17.2 of the Rules of the Langlade County Board.[4] Burby would not be considered for reassignment to committees until he had completed all the required remedial actions, including the letters of apology and the sensitivity training. The Executive Committee reduced the decision to writing and sent it to Burby. Burby did not appeal the Executive Committee's decision.[5]

¶12 On November 12, 2018, Burby submitted an answer to the October 11, 2018 Statement that is the subject of this appeal. In his answer, Burby alleged that the "[t]ransgressions complained of are occurrences that occurred during the last term of office (April 2016-2018)" and his "removal cannot be based upon transgressions in a prior term." He further argued that "retroactive

---

[4] Rule 17.2 of the Rules of the Langlade County Board provides: "Depending upon the severity of the rules violation, sanctions may include: private reprimand, public reprimand, removal from committee assignment, referral for criminal prosecution, payment of a forfeiture and/or a request for removal from office."

[5] By letters dated February 13, 2017, and April 20, 2018, Burby was asked to inform Stowe regarding his intentions to complete the requested remedial actions.

enforcement does not satisfy the due process consideration mandated by the Fifth Amendment" as "[t]here was no corrective action compliance plan to follow" and Stowe "never scheduled the sensitivity training [Stowe] and the board demanded." Finally, he claimed that the "allegations infringe on [his] First Amendment free speech rights." Ultimately he argued that there was no cause for his removal, but he did not specifically deny any of the allegations outlined in the Statement.

¶13 The Board held an evidentiary hearing on November 27, 2018. After taking testimony and reviewing the documents presented, the Board deliberated and determined that Burby had engaged in misconduct and neglected his duties as a Langlade County Board Supervisor. In its response brief, the County correctly describes the Board's findings as follows:

- Burby engaged in conduct at the meeting of the Airport Committee that would offend any reasonable person.

- Burby made false and/or misleading statements about County Board Supervisor Ronald M. Nye.

- Burby failed to act in the best interests of Langlade County, by failing to refrain from conduct that a reasonable person would deem unethical, offensive or otherwise contrary to the community values or the Oath of Office.

- During interactions with the County Clerk's Office and specifically during his interaction with Chief Deputy Clerk Becky Rank, Burby was demeaning, intimidating, and bullied the staff of the County Clerk's Office.

- Burby did not complete the remedial actions set forth in the Decision of the Executive Committee of the Langlade County Board.[6]

- Since his removal from all committee assignments on October 12, 2016, Burby had not maintained any committee appointments during the last or present term of office.

- Burby neglected his duty as a Langlade County Board Supervisor by failing to maintain at least two committee appointments during the last two terms of office, in violation of the provisions in WIS. STAT. § 17.09(1).[7]

In accordance with WIS. STAT. §§ 17.09(1) and 17.16(3), and the Rules of the Langlade County Board, the Board removed Burby as a county board supervisor

---

[6] Burby states in his briefing before this court that he provided the three letters of apology on October 17, 2016. The transcript from the November 27, 2018 hearing reflects that this was a point of contention. Burby argued that he had sent the letters, including presenting a letter to Rank at an open meeting, and received confirmation of receipt of the letters from the County's former human resources director. Other witnesses stated that they had not seen the letters, and, in any event, the letters were never presented to Stowe for review as required before being submitted to Koss, Nye, and Rank. Further, the Executive Committee was never provided evidence that the letters were submitted in order for it to consider Burby for reassignment to committees. Burby was unable to provide copies of the letters at the hearing.

[7] WISCONSIN STAT. § 17.09 provides that a county supervisor may be removed "for cause." In this case, "cause" was failing to comply with Rule 13.2 of the Rules of the Langlade County Board, which provides:

> The members appointed to committees pursuant to Rule 13.1 shall serve a 2 year term on such committees. Each member shall be appointed to at least two standing committees (listed under Rule 14.1) and each member is expected to maintain at least two committee appointments during each term of office. The term of appointment for committee members shall end at such time when new committee members are appointed, which is as soon as possible following the April Organizational Meeting and no later than May 1, subject to vacancy. Vacancies on the Board will be filled pursuant to Chapter 59 of Wisconsin Statutes. The names of all persons interested in filling a vacancy will be announced to the Board prior to confirmation of the Chairman's nominee.

for cause by a vote of two-thirds of all county board supervisors, including sixteen votes for removal, two votes against removal, and one abstaining.

¶14    On February 11, 2019, Burby filed a complaint in the circuit court,[8] arguing that he was illegally or wrongfully removed from office and seeking, among other things, an interlocutory order in the form of a writ of certiorari.[9] The County filed an answer on February 27, 2019, denying the allegations.

¶15    Burby filed a motion to supplement the record on certiorari and his first motion for summary judgment on April 8 and 10, 2019, respectively. Among other things, Burby attempted to supplement the record with copies of the apology letters Burby stated he sent to the intended recipients, which were discussed at the November 27, 2018 hearing but not provided by Burby during that hearing. The County filed a response in opposition to both motions. Following a nonevidentiary hearing, the circuit court denied both motions.

¶16    After the circuit court denied these motions, Burby filed a document titled "First Amendment Memorandum," which outlined his "First Amendment position" and argued that he "was removed from office based upon what he said and wrote. Since what he said and wrote was protected by the First Amendment, he must be reinstated." The parties then filed cross-motions for summary judgment.

---

[8] This case was filed in Langlade County, but, for reasons that are unclear in the record, the matter was heard by The Honorable William F. Kussel, Jr., a Shawano County Judge.

[9] Burby filed an amended summons and complaint on February 12, 2019.

¶17 After a nonevidentiary hearing and additional briefing from the parties, the circuit court issued a written decision denying Burby's motion for summary judgment and granting summary judgment in favor of the County. The court concluded that the Board's decision was appropriate under the common law certiorari standard of review set forth in **Hanlon v. Town of Milton**, 2000 WI 61, ¶23, 235 Wis. 2d 597, 612 N.W.2d 44. While the court acknowledged that under **Hanlon**, First Amendment rights may be raised in a certiorari review, the court nevertheless determined that the Board could reasonably have found that Burby's actions were not protected under the First Amendment. Finally, the court concluded that the Board could remove Burby for actions taken during his prior term and that, in any event, some of the behavior at issue took place during the present term. Burby appeals.[10]

## DISCUSSION

¶18 Burby argues that "[t]he principal dispute between the parties is the standard and scope of review," and he claims that "[t]he answer to this question determines the outcome of this case." As noted above, the circuit court applied the

---

[10] We note that Burby has failed to comply with our Rules of Appellate Procedure. *See* WIS. STAT. RULE 809.19(1). Burby's brief does not contain appropriate record citations, and in most instances, we were unable to determine where in the record Burby was directing us. We have no duty to scour the record to review arguments unaccompanied by adequate record citations. *See Tam v. Luk*, 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158 (Ct. App. 1990). Further, we note that Burby's briefing is also deficient for improperly using record citations as the subject of a sentence. For example, Burby writes in his brief-in-chief, "Reliance on (4-31, 32) remains valid given the September 24, 2021 opinion by USDJ Brett Ludwig (A-Ap 56-68)." Aside from the problematic nature of using record citations as the argument, rather than developing a legal argument based on information contained in the documents in the record, even the record citations that Burby references appear to be incorrect or, at the very least, the citations lack proper pinpoint citations to support the propositions Burby asserts. As a high-volume, appellate court, we are entitled to expect briefing by an attorney that follows the basic Rules of Appellate Procedure. We caution Burby's counsel that future violations of the Rules of Appellate Procedure may result in sanctions. *See* WIS. STAT. RULE 809.83(2).

common law certiorari standard of review to decide whether the Board properly removed Burby from his position as a county board supervisor pursuant to WIS. STAT. § 17.16(3). Burby contends, however, that he was removed from his position without consideration of his First Amendment rights.[11] He explains that "First Amendment jurisprudence sets forth the standard and scope of review for all First Amendment matters, common law certiorari or otherwise." Burby asserts that because he raises a constitutional argument, we should review all of the evidence—including the basis for the Executive Committee's October 12, 2016 decision—de novo, rather than under a deferential certiorari standard. We disagree, and we conclude for several reasons that under the circumstances of this case, the court properly applied the common law certiorari standard of review.

¶19     First, while Burby correctly argues that under *Hanlon*, 235 Wis. 2d 597, ¶13, "litigants can raise constitutional objections to municipal determinations in certiorari review," that case does not assist his argument regarding the applicable standard of review here. In *Hanlon*, one of the issues was whether a litigant challenging an administrative determination may bring an equal protection claim. *Id.*, ¶1. Our supreme court explained that "[i]n a certiorari proceeding a litigant may argue that his or her constitutional right to equal protection has been violated in an effort to establish that a municipal determination was not made according to law or is unreasonable, arbitrary and oppressive." *Id.*, ¶14 (collecting cases). The court noted that "[c]ertiorari proceedings are distinct from civil

---

[11] "The First Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides that 'Congress shall make no law … abridging the freedom of speech.'" *State v. Hemmingway*, 2012 WI App 133, ¶10, 345 Wis. 2d 297, 825 N.W.2d 303 (citation omitted). Burby argues that "[t]his removal order is entirely based on speech or writing which is protected by the First Amendment."

actions, which are filed to resolve a controversy between the parties." *Id.*, ¶22. "Additional fact finding by the circuit court is not permitted," and "[t]he court's scope of review is limited to the record produced in the proceeding below." *Id.* (citing WIS. STAT. § 68.13 (1997-98)).

¶20     In this case, Burby wrote in his initial memorandum in support of his motion for summary judgment: "This is a common law certiorari action to review a [WIS. STAT. §] 17.16(3) removal order." "Common law certiorari review is a limited review of the record made before the [Board], while de novo review is an entirely independent circuit court action in which the circuit court creates its own record and gives no deference to the [Board's] determination." *See **Metropolitan Assocs. v. City of Milwaukee**,* 2011 WI 20, ¶2, 332 Wis. 2d 85, 796 N.W.2d 717. Burby did not file an entirely independent circuit court action asserting violations of his First Amendment rights. He merely contends in this appeal that the Board's decision was illegal and his removal was wrongful. In fact, it was not until his second motion for summary judgment that he developed a First Amendment argument. While Burby may raise a First Amendment constitutional objection on certiorari review in an effort to establish that the Board's determination was not made according to law or is unreasonable, arbitrary, and oppressive, the court did not take evidence, and the scope of review on certiorari was not enlarged by statute.[12]     *See **Hanlon***, 235 Wis. 2d 597, ¶¶13-14, 23. Accordingly, de novo review is not proper here.

---

[12] While some statutes providing for certiorari review explicitly permit a reviewing court to take evidence, Burby has not argued that any of those statutes apply here. *See, e.g.*, ***State ex rel. Brookside Poultry Farms, Inc. v. Jefferson Cnty. Bd. of Adjustment***, 131 Wis. 2d 101, 120, 388 N.W.2d 593 (1986).

¶21   Second, Burby's First Amendment challenge to the Board's decision is based entirely on the testimony and evidence presented at the evidentiary hearing of the Executive Committee that resulted in its October 12, 2016 decision. Burby argues that if we were to review the Executive Committee's October 12, 2016 findings de novo, we would conclude that the findings were erroneous, as the evidence shows that his actions that served as the basis for the decision were protected by the First Amendment. Burby further argues that, having concluded the Executive Committee's findings were erroneous, we would then conclude that the Board erred in its November 27, 2018 decision because it relied on the Executive Committee's erroneous 2016 findings.

¶22   The problem with this argument is that there is no evidence in this record that Burby raised any First Amendment argument before the Executive Committee in 2016. All the record states is that "Burby did not offer any relevant and/or contrary evidence during the evidentiary hearing, other than to allege for the first time that Steve Koss assaulted him at the Airport Committee meeting." Further, we agree with the circuit court that to the extent Burby raised the argument before the Board in his November 12, 2018 answer, this argument was "presented in a very limited manner insufficient for the Board … to make such a finding in favor of Burby."

¶23   The decision at issue in this appeal is the Board's November 27, 2018 decision removing Burby from his position as a county board supervisor. The Executive Committee's October 12, 2016 decision is not before us on appeal. Burby was provided an opportunity to respond to the allegations included in the list of complaints and provide evidence to the Executive Committee to refute those allegations. Burby did not do so. Burby then failed to appeal the decision of the Executive Committee, either to the Board, pursuant to Rule 17.1 of the Rules of

the Langlade County Board,[13] or to the circuit court. Burby cannot do so now as he has forfeited that opportunity. *See **State v. Ndina***, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 ("[F]orfeiture is the failure to make the timely assertion of a right.").

¶24 Because Burby forfeited his First Amendment claims related to the Executive Committee's findings, he cannot now raise them years later by certiorari review of the Board's November 27, 2018 decision. The Board, therefore, could accept the Executive Committee's 2016 findings and rely upon them in 2018 to remove Burby as a county board supervisor for cause. The circuit court properly upheld the Board's decision on summary judgment review, as there were no material questions of fact—those Burby attempted to raise were already decided in 2016—and the court could decide the issue of whether the removal was proper as a matter of law under the certiorari review standard.

¶25 In response, Burby argues that he "did not fail to exhaust administrative remedies by not appealing the Executive Committee's decision," *see* WIS. STAT. §§ 68.01, 68.13; ***State ex rel. Mentek v. Schwarz***, 2001 WI 32, ¶8, 242 Wis. 2d 94, 624 N.W.2d 150 ("The law is well established that 'judicial relief

---

[13] Rule 17.1 of the Rules of the Langlade County Board provides in pertinent part:

> For rules violations that occur at all other times, any complaint shall be forwarded to the Executive Committee. The Committee shall meet with the County Board Member(s), who is/are the subject of the complaint, in closed session to review the complaint. The committee shall decide upon the merits of the complaint and render a decision on the appropriate remedy for any violation of these Rules. The Executive Committee's decision may be appealed to the County Board. If the complaint involves a member of the Executive Committee, then that member shall be replaced on the Committee until the complaint is resolved.

will be denied until the parties have exhausted their administrative remedies; the parties must complete the administrative proceedings before they come to court.'" (citation omitted)), as "the First Amendment is not implicated prior to removal from office."  Burby cites to *Werkheiser v. Pocono Township*, 780 F.3d 172, 181 (3d Cir. 2015), for this proposition.  We disagree that *Werkheiser* stands for the proposition that Burby would have been unable to assert a First Amendment argument on appeal from the Executive Committee's October 12, 2016 decision prior to being removed from office.

¶26    In *Werkheiser*, the issue was "whether elected officials are entitled to qualified immunity when they retaliate against a fellow official by denying him reappointment to a non-elected position because of comments he made in his capacity as an elected official."  *Id.* at 174.  Werkheiser alleged that "he was denied his position as Roadmaster as a result of speech he expressed in his capacity as an elected official concerning the Board of Supervisors' overpayment for administrative duties."  *Id.* at 175.  The Third Circuit Court of Appeals explained that "not all retaliation violates the First Amendment" and that "the First Amendment requires 'retaliatory action *sufficient to deter a person of ordinary firmness from exercising his constitutional rights*.'"  *Id.* at 181 (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)).  The court observed that "one kind of very serious retaliation by elected officials is unlawful—the exclusion of a duly elected official from office," but in *Werkheiser*, "[t]here [was] no allegation … that the failure to reappoint Werkheiser as Roadmaster in any way excluded him from Town Supervisors' meetings, interfered with his rights, privileges, or responsibilities as an elected official, or hindered his ability to fulfill his elected duties."  *Id.* at 181, 183; *see also Werkheiser v. Pocono Twp. (Werkheiser II)*, 210 F. Supp. 3d 633, 640-42 (M.D. Pa. 2016).

15

¶27 Unlike in *Werkheiser*, Burby was removed from all committee assignments as a result of the Executive Committee's October 12, 2016 decision. Pursuant to Rule 13.2 of the Rules of the Langlade County Board, "each member is expected to maintain at least two committee appointments during each term of office." Thus, the Executive Committee's decision interfered with his responsibilities as an elected county supervisor and, as demonstrated by his removal from office by the Board based in part on Rule 13.2, ultimately interfered with his right to hold his elected office. We disagree with Burby's assertion that his speech only "becomes protected under the First Amendment when he loses his office because of that speech." If Burby intended to assert a First Amendment challenge to the Executive Committee's decision, he should have raised that challenge in 2016, as the decision involved tangible consequences—namely, he was removed from his committee assignments and had to pay for sensitivity training out of his own pocket. Burby has forfeited his First Amendment claim by failing to appeal the Executive Committee's October 12, 2016 decision.

¶28 The County also claims that Burby "[e]ssentially" argues that

> as courts had not definitively established that an elected official was entitled to First Amendment protections at the time he was removed from his committee assignments, he chose not [to] appeal the Executive Committee's decisions as he could not assert with certainty that the conduct, which served as the basis for the Executive Committee's decisions, was protected by the First Amendment.

Burby's argument on this point is not clear, but we will address it summarily. As the County notes, one of the cases relied on by Burby, *Werkheiser II*, determined on remand that elected officials were entitled to First Amendment protection when acting in their official capacity. *See Werkheiser II*, 210 F. Supp. 3d at 637-40. *Werkheiser II* was decided on September 28, 2016, approximately fourteen days

before the Executive Committee's October 12, 2016 decision. Thus, to the extent Burby argues that he could not appeal the Executive Committee's decision because no courts had determined whether he was entitled to First Amendment protections within his elected position, we are unpersuaded.

¶29 Finally, we review the actions of the Board under the common law certiorari standard of review. In an action for certiorari review, appellate review is the same as in the circuit court. *See State ex rel. Wilson v. Schocker*, 142 Wis. 2d 179, 183, 418 N.W.2d 8 (Ct. App. 1987). The traditional standards of common law certiorari review are: "(1) whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." *Hanlon*, 235 Wis. 2d 597, ¶23 (quoting *State ex rel. Ruthenberg v. Annuity and Pension Bd.*, 89 Wis. 2d 463, 472, 474, 278 N.W.2d 835 (1979)).

¶30 Burby's exact arguments on these points are underdeveloped and difficult to discern. In general, Burby makes two arguments: (1) removing Burby from office based on the charges found at the Executive Committee's October 12, 2016 hearing violated his First Amendment right to free speech; and (2) the removal order was not based on "cause" within the meaning of WIS. STAT. § 17.001, which provides that "'cause' means inefficiency, neglect of duty, official

17

misconduct, or malfeasance in office."[14]   It is unclear, however, under which certiorari review standard (or standards) listed above Burby is challenging the Board's decision.  Therefore, we will address all four.

¶31     Burby does not appear to argue that the Board did not keep within its jurisdiction or that it did not "act[] within the scope of its powers."  *See Ruthenberg*, 89 Wis. 2d at 472.  WISCONSIN STAT. § 17.09 provides authority for a county board to remove elective county officers.  Section 17.09(1) provides that a county supervisor may be removed "by the county board, for cause, by a vote of two-thirds of all the supervisors entitled to seats on such board."  Thus, we agree with the circuit court that the Board acted within its scope of powers when it voted to remove Burby as a county supervisor.

¶32     The second standard asks whether the Board "acted according to law," which requires us to review the Board's "procedure in light of the applicable statutes and due process requirements."  *Ruthenberg*, 89 Wis. 2d at 472-73.  The procedure for removal for cause is found in WIS. STAT. § 17.16(3) and requires, as relevant to this appeal: (1) "written verified charges brought by a resident taxpayer," (2) proper notice no less than ten days prior to the hearing, and (3) "a speedy public hearing at which the officer shall have full opportunity to be heard to present a defense against the charges, personally and by counsel."  "There is a presumption that public officers in performing their official duties have complied with all statutory requirements, and this presumption applies to acts of official

---

[14] Burby does not appear to renew his argument that wrongdoings alleged to have occurred in a prior term of office could not be considered as a basis for removal at the November 27, 2018 hearing.  Therefore, we do not address that argument.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the trial court, but not raised on appeal, is deemed abandoned.").

boards and legislative bodies as well as to those of individual officers." ***Bohn v. Sauk County***, 268 Wis. 213, 219, 67 N.W.2d 288 (1954).

¶33    Burby does not appear to dispute that the Board complied with the applicable statutes and due process requirements.  Our independent review of the record on appeal indicates that the Board complied with the requirements and procedures found in WIS. STAT. §§ 17.09(1) and 17.16(3), as well as with due process, in removing Burby from office.  Further, we have already determined that Burby has forfeited his argument that the Board failed to act according to law because his removal from office based on the misconduct found at the Executive Committee's October 12, 2016 hearing violated his First Amendment right to free speech.

¶34    The third standard is "whether [the Board's] action was arbitrary, oppressive or unreasonable and represented its will and not its judgment." ***Hanlon***, 235 Wis. 2d 597, ¶23 (citation omitted).  This standard is established "if [the Board] has acted without a rational basis or the exercise of discretion." ***Ruthenberg***, 89 Wis. 2d at 473.  The fourth standard is "whether the evidence was such that [the Board] might reasonably make the order or determination in question," ***Hanlon***, 235 Wis. 2d 597, ¶23 (citation omitted), which we review by determining, "after considering all the evidence of record, [whether] reasonable minds could arrive at the conclusion reached by the trier of fact," ***Milwaukee Symphony Orchestra, Inc. v. DOR***, 2010 WI 33, ¶31, 324 Wis. 2d 68, 781 N.W.2d 674; *see also* ***Ruthenberg***, 89 Wis. 2d at 473.  However, "[t]he weight and credibility of the evidence are for the agency, not the reviewing court, to determine." ***Milwaukee Symphony***, 324 Wis. 2d 68, ¶31 (citation omitted).  We address both of these factors together, as Burby's argument on certiorari review appears to be generally whether the Board proceeded upon a correct theory of law;

in other words, whether Burby could be removed from office for cause under WIS. STAT. §§ 17.09(1) and 17.16(3).

¶35    As addressed previously, Burby's entire challenge to the Board's decision rests on his First Amendment argument that the "removal order [was] entirely based on speech or writing which is protected by the First Amendment" and "[c]ause for purposes of [WIS. STAT. §] 17.001 cannot result in a violation of the First Amendment."  However, as also addressed above, while we are able to review a First Amendment argument to determine if the Board's decision was made according to law or whether it was arbitrary, oppressive, or unreasonable, we cannot do so here.  In essence, Burby does not challenge the basis for *the Board's* November 27, 2018 removal decision.  He challenges only the findings in the underlying 2016 Executive Committee decision.  But as we have already concluded, Burby cannot retroactively seek to challenge the findings and review the actions of the Executive Committee that formed part of the basis for the Board's November 27, 2018 removal decision.

¶36    Based on our review of the record on certiorari, it is clear that the Board had a sufficient basis for determining that Burby "engaged in official misconduct, and neglected his duties as a Langlade County Board … Supervisor." The Board determined, based on the findings of the Executive Committee, that Burby had engaged in conduct that "would offend any reasonable person"; "made false and/or misleading statements" while in his official capacity; "demean[ed], intimidate[ed], and … bullied the staff of the County Clerk's Office"; and failed "to refrain from conduct that a reasonable person would deem unethical, offensive or otherwise contrary to the community values or the Oath of Office." The Board also determined that Burby failed to complete all of the remedial actions set forth in the Executive Committee's October 12, 2016 decision, and he did not maintain

20

his committee appointments as a result of his failure to take the steps necessary to complete the remedial actions.

¶37 Both determinations are supported by the record. Thus, Burby's removal for cause was not without a rational basis or the exercise of discretion, and reasonable minds could arrive at the conclusion reached by the Board. Accordingly, we affirm the circuit court's grant of summary judgment to the County upholding the Board's decision removing Burby as a county board supervisor.[15]

---

[15] Burby also filed a motion to supplement the record before this court. The County opposed the motion, arguing that it was identical to earlier motions denied by the circuit court. We granted the motion, explaining that "[b]ecause the documents were offered to the circuit court, we will grant the motion. However, we take no position at this time whether it is appropriate for this court to consider the documents, and the parties should address that issue in their respective briefs."

The County states that Burby actually filed two motions to supplement the record before the circuit court. One motion was filed on April 8, 2019, and was denied by the court on August 30, 2019. A second motion, pursuant to WIS. STAT. RULE 809.15(3), was filed on December 28, 2020, and was denied by the court on January 14, 2021. The December 28, 2020 motion and the court's denial do not appear in the appellate record.

Aside from copies of the apology letters, which Burby was unable to provide at the Board's November 27, 2018 hearing, the majority of the documents that Burby seeks to enter into the record on appeal relate to the Executive Committee's October 12, 2016 decision, which is not before us on appeal. Accordingly, we cannot consider those documents. In any event, Burby's argument that we should consider these documents is undeveloped. He merely asserts, in a conclusory fashion, that we should take judicial notice of these documents. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Our certiorari review is limited to the record created before the Board. *See State ex rel. Whiting v. Kolb*, 158 Wis. 2d 226, 233, 461 N.W.2d 816 (Ct. App. 1990).

Finally, Burby argues that because he was not permitted to supplement the record fully, the "innocent construction rule require[s] all ambiguities in the record, on de novo review, be construed to be protected First Amendment speech." First, Burby's argument on this point is also entirely undeveloped. *See Pettit*, 171 Wis. 2d at 646. Second, as we previously determined, Burby's First Amendment arguments are not implicated in this appeal, and our review is not conducted de novo.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(5).